Receipt # 027183

ORIGINAL

FILED
OCT 1 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

David Whalen, Gregory Turner, Greg Morgan, and Air Traffic Controllers (ATC) ATC1, ATC2, ATC3, ATC4, ATC5, ATC6, ATC7, ATC8, ATC9, ATC10, ATC11, ATC12, ATC13, ATC14, ATC14, ATC16, ATC17, ATC18, ATC19, ATC20, ATC21, ATC22, ATC23, ATC24, ATC25, ATC26, ATC27, ATC28, ATC29, ATC30, ATC31, ATC32, ATC33, ATC34, ATC35, ATC36, ATC37, ATC38, ATC39, ATC40, ATC41, ATC42, ATC43, ATC44, ATC45, ATC46, ATC47, ATC48, ATC49, ATC50

Plaintiffs,

vs.

United States,

Defendant

NUMBER: 07-707 C

**COMPLAINT**

Plaintiffs, by their undersigned attorney, complain of the Defendant and state as follows:

1 This case seeks back pay and other relief against the United States founded upon the Fair Labor Standards Act (hereafter, the "FLSA").

2 Jurisdiction and venue are properly grounded in this Court under the Tucker Act, 28 U.S.C. § 1491(a)(1).

3 Plaintiffs are and have been employed by Defendant as Air Traffic Controllers (hereafter, ATC). Plaintiffs file this action as a "John Doe" complaint because numerous ATC's fear retaliation if they prosecute an action seeking compensation to which they are lawfully entitled.

4 Plaintiff, "ATC1" through "ATC50," have been employed as Air Traffic Controllers at all times relevant herein for the Federal Aviation Administration's (herein after "FAA"), High Desert TRACON, Edwards Air Force Base, California.

5 Plaintiffs, hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b). It is likely that other individuals will sign consent forms and join as Plaintiffs on this claim in the future.

6 Plaintiffs are informed and believe that Air Traffic Controllers, including Plaintiffs, were acting under the control and direction of the FAA, a department or administration (public agency) of Defendant from April 1, 1996 to present. Plaintiffs further allege that the information relevant to the allegation in this paragraph are largely in the exclusive hands of Defendant, and Plaintiffs need further discovery to determine the precise employment status and assignment of Air Traffic Controllers at various time since April 1, 1996.

7 At all times relevant hereto, Defendant has required Plaintiffs and all other Air Traffic Controllers to work substantially in excess of 40 hours per week during most weeks of their employment, for which Plaintiffs and other Air Traffic Controllers have not been compensated as required by law.

8 Defendant has knowingly suffered Plaintiffs and other Air Traffic Controllers to work substantially more than 40 hours per week during most weeks of their employment, for which Plaintiffs and other Air Traffic Controllers have not been compensate as required by law.

9 In addition to all scheduled hours, 40 during a week, the Defendant has ordered, obligated and/or required Plaintiffs and other Air Traffic Controllers to perform administrative, exercise, medical, inspection and other duties which have been reasonably known, anticipated, ordered and required by Defendant at the time of making work schedules for Plaintiffs and other Air Traffic Controllers. However, Defendant failed to include time known by Defendant to be necessary to perform such duties in the scheduled workweeks of the Plaintiffs and other Air

Traffic Controllers. Plaintiffs and other Air Traffic Controllers have performed such work and Defendant has suffered and/or permitted such work to have been performed during weeks in which Plaintiffs and class members have other wise been scheduled to work and have worked more than 40 hours in such weeks, but Defendant has failed to pay compensation as required by law for such time in excess of 40 hours actually worked by Plaintiffs and other Air Traffic Controllers.

10 Plaintiffs and other Air Traffic Controllers are under the Defendant's direction and control from the time that they arrive on the premises until the time they leave the premises, and during all such times, Plaintiffs and other Air Traffic Controllers are performing work for and are acting at the order and direction of the Defendant. Such work has been reasonably know, anticipated, ordered, obligated and/or required by the Defendant at the time of making work schedules for Plaintiffs and class members, but the Defendant has knowingly and intentionally failed to include in the scheduled work weeks of the Plaintiffs and other Air Traffic Controllers all the time necessary to perform such work being performed by Plaintiffs and other Air Traffic Controllers on the premises where Plaintiffs and other Air Traffic Controllers have been assigned to work. Plaintiffs and other Air Traffic Controllers have performed such work during weeks in which Plaintiffs and class members have otherwise been scheduled to work and have worked more than 40 hours, and Defendant has suffered such work (in excess of forty hours) to be done, but Defendant has failed to pay compensation to Plaintiffs and other Air Traffic Controllers as required by law for such time actually worked by them.

11 In addition to all hours for which Plaintiffs and other Air Traffic Controllers have been scheduled to work and in addition to all of the above-described hours for which Plaintiffs and class members were ordered to perform work and work on the premises, Plaintiffs and other Air Traffic Controllers are and have been generally and reasonably accessible to perform

unscheduled duty for more that 3 hours per week in connection with unanticipated and unscheduled delays.

12 Air Traffic Controllers have worked well in excess of 40 hours per week during many weeks in the relevant time period.

**COUNT 1**

13 Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1 to 12 as paragraph 13 of Count 1.

14 The claim in this Count 1 is for back pay, liquidated damages and other relief for Defendant's violations of the Fair Labor Standards act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (the "FLSA").

15 The claim in this Count 1 is brought by the named Plaintiffs as a collective action on behalf of themselves and on behalf of all persons who are and/or were employed by Defendant as Air Traffic Controllers at any time within the applicable statute of limitations and who consent to participate in this action by filing a written consent with this Court pursuant to 29 U.S.C. § 216(b).

16 The claim in this Count 1 should be allowed to be maintained as a collective action in that: (1) there are questions of law or fact common to other Air Traffic Controllers who might consent to participate; (2) the claims of the named Plaintiffs are typical of the claims of other Air Traffic Controllers who might consent to participate; and (3) the named Plaintiffs will fairly and adequately protect the interests of other Air Traffic Controllers who might consent to participate. In addition, the prosecution of separate actions by individual Air Traffic Controllers would create a risk of inconsistent or varying adjunctions with respect to Air Traffic Controllers which would establish in compatible standards of conduct for the Defendant; the Defendant has acted on grounds generally applicable to all Air Traffic Controllers, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all Air Traffic

Controllers; the questions of law and fact common to all Air Traffic Controllers predominate over any questions affecting only individuals; and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy herein.

17 At all times relevant hereto, Defendant has been an "employer" of Plaintiffs and all other Air Traffic Controllers within the meaning of the FLSA, 29 U.S.C. § 203.

18 At all times relevant hereto, Plaintiffs and all other Air Traffic Controllers have been "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203.

19 During numerous weeks during the period relevant hereto, Plaintiffs and all other Air Traffic Controllers have worked more than 40 hours during such weeks; Defendant has allowed, suffered and/or permitted Plaintiffs and other Air Traffic Controllers to work in excess of 40 hours during such weeks; but Defendant has not paid the overtime premium required by the FLSA for such hours worked in excess of 40 hours during such weeks.

20 For compensation for all weeks during which Plaintiffs and other Air Traffic Controllers were employed by Defendant as Air Traffic Controllers, Defendant has paid Plaintiffs and other Air Traffic Controllers fixed amounts of weekly compensation without regard to the number of hours actually worked during the week.

21 By reason of the foregoing, Defendant has failed to pay overtime compensation due to Plaintiffs and other Air Traffic Controllers under the FLSA, 29 U.S.C. § 207, for hours worked in excess for 40 hours during a week, and Defendant has thereby violated the overtime provisions of the FLSA, 29 U.S.C. §§ 207 and 215.

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and all other Air Traffic Controllers who consent to participate in this action and against Defendant, and that this Court:

A. All the claim in this Court to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and issue notice to all persons who have worked for Defendant as Air

Traffic Controllers at location described above any time during the period April 1, 1996, to present, informing such persons of their rights to participate in this action;

B. Declare that Plaintiffs and all other Air Traffic Controllers who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207, and that Defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for hours worked in excess of 40 during a week;

C. Order Defendant to account to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for all hours worked in excess of 40 during any week within the relevant period of limitations;

D. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action back pay for all hours worked in excess of 40 during any week within the relevant period of limitations in amounts required by the FLSA;

E. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action liquidated damages in an additional amount equal to back pay for all hours worked in excess of 40 during any week within the relevant period of limitations;

F. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

G. Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, to Plaintiffs and such other Air Traffic Controllers who

consent to participate in this action who are, at the time of judgment, employed by Defendant as Air Traffic Controllers;

H. Award pre-judgment interest to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action;

I. Award to Plaintiffs and to such Air Traffic Controllers who consent to participate in this action their cots of suit;

J. Award to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action reasonable attorneys' fees and expenses; and

K. Grant such other and further relief as this Court deems to be appropriate and just.

**COUNT II**

22 Plaintiffs realleges and incorporate by reference the foregoing paragraphs 1 to 21 of Count I, and, pleading alternatively and cumulatively, state as follows for their Count II.

23 Defendant's above-described violations of the FLSA have been willful.

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and all other Air Traffic Controllers who consent to participate in this action and against Defendant, and that this Court:

A. All the claim in this Court to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and issue notice to all persons who have worked for Defendant as Air Traffic Controllers at any time during the period April 1, 1996, to present, informing such persons of their rights to participate in this action;

B. Declare that Plaintiffs and all other Air Traffic Controllers who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207, and that Defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to

Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for hours worked in excess of 40 during a week;

C. Order Defendant to account to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for all hours worked in excess of 40 during any week within the relevant period of limitations;

D. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action back pay for all hours worked in excess of 40 during any week within the relevant period of limitations in amounts required by the FLSA;

E. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action liquidated damages in an additional amount equal to back pay for all hours worked in excess of 40 during any week within the relevant period of limitations;

F. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

G. Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, to Plaintiffs and such other Air Traffic Controllers who consent to participate in this action who are, at the time of judgment, employed by Defendant as Air Traffic Controllers;

H. Award pre-judgment interest to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action;

I. Award to Plaintiffs and to such Air Traffic Controllers who consent to participate in this action their cots of suit;

J. Award to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action reasonable attorneys' fees and expenses; and

K. Grant such other and further relief as this Court deems to be appropriate and just.

Dated this 28th day of September, 2007

Respectfully submitted,

Law Office of Jeffrey Moffatt
43625 Nth Sierra Hwy, Suite A
Lancaster, California, 93534
(661) 945-6121

**CONSENT TO BE A CLAIMANT UNDER THE FAIR LABOR STANDARDS ACT ("FLSA") v. THE UNITED STATES AND CONTINGENCY FEE AGREEMENT**



I have been an employee in with the Federal Aviation Administration of the United States Government. I consent to be a plaintiff in a lawsuit brought on my behalf and on behalf of other persons against the United States asserting my rights under the Fair Labor Standards Act. My claims include but are not limited to the failure of the United States to pay me overtime compensation because I have been treated incorrectly as being exempt from the FLSA coverage or otherwise not paid in accordance with Title 29 and 49 of the United States Code. Any of the plaintiffs in the lawsuit, jointly or severally, may serve as my representative.

I authorize the Law Offices of Jeffrey Moffatt ("the Firm"), to represent me concerning my claims, including seeking back wages, liquated damages, interest, attorney's fees and costs. The Firm (acting through Jeffrey D. Moffatt and other attorney's or staff authorized by attorney Moffatt, including, at their discretion) may file this consent in court and take all necessary actions including the settlement and collection of any and all of my claims.

In consideration of the Firm's services, I agree the ATTORNEY Jeffrey D. Moffatt, shall receive as compensation for such professional services against the U.S. Court of Federal Claims and/or another party. I agree to pay the ATTORNEY a 33% (thirty-three) percent my recovery.

I agree to pay all deposition fees and court costs independently of this Contingency Fee Agreement, as well as my costs for an appeal.

I further agree, authorized and direct that any checks issued by the United States to me in connection with this claim shall be paid to the Firm as trustee on my behalf. After attorney's fees are deducted from the balance the remainder shall be forwarded to me by the Firm. If this complaint results in no recovery, I will have no obligation to pay attorney's fees to the Firm.

During the resolution and/or litigation of this matter, the court may award monetary sanctions to compensate the Firm for extraordinary time spent to compel the opposing side to do what it required, but refuses, to do. Such awards are not part of any recovery made on your behalf and belong solely to the Firm.

I agree to pay the expenses of preparation for trial and to include items such as filing fees, court reporter billings, subpoena costs, service of process as well as copying charges.

The Firm may, in my discretion, employ other experts and other technical experts whose expertise might further the successful prosecution of your case, to examine and report on the facts of the case. I may also, in my discretion, employ outside investigators to look

into the circumstances giving rise to your claim. All such experts and investigators report to me. You must cooperate as needed with such experts and investigators. Fees charged by such experts and investigators are out-of-pocket costs paid in advance by you.

I may employ or associate lawyers who are not members of my practice to assist in the prosecution of your claim. If I, do so, their time will be treated the same as if they were members of our firm for the purposes of this Contingency Fee Agreement.

By entering into this Contingency Fee Agreement with you, the Firm is not making (and I will not be making) any warranties or representations to you concerning the outcome of your claims, and I do not guarantee that you will obtain any recovery or reimbursement for any costs expended by you in connection with the prosecution of your claim. Any statements I make relating to the merits of your claim are statements of opinion only. Moreover, as I continue to investigate and develop the facts in your case, I may, either before or after determine that I am no longer willing to go forward with the case. I may, accordingly, withdraw from representation of you at any time I deem appropriate so long as I do so in a matter that does not violate the applicable rules or unduly prejudice you.

It is understood that ATTORNEY has made no guarantees regarding the successful termination of this matter. CLIENT acknowledges that he/she has read, understood and agrees to this Contingency Fee Agreement.

**GOVERNING LAW** any controversy between Attorney and Client hereto involving this Contingency Fee Agreement, the construction or application of any of the terms, covenants or conditions of this Contingency Fee Agreement will, on the written request of one party served on the other, be submitted to arbitration. Failure to use arbitration will be grounds for dismissal of any court action. The arbitration will comply with and be governed by the provisions of the California Arbitration Act, Sections 1280 through 1294.2 of the California Code of Civil Procedure.

The parties will each appoint one person to hear and determine the dispute and if they are unable to agree, then the two persons so chose will select a third impartial arbitrator whose decision will be final and conclusive on both parties. The cost of arbitration will be borne in such proportions as the arbitrators decide.

**Waiver of Jury Trial**
To the maximum extent permitted by law, you and Jeffrey D. Moffatt, Attorney intentionally and deliberately give up the right to a trial by a jury to resolve each dispute, claim, demand, cause of action, and controversy between you, Jeffrey D. Moffatt and/or the Law Offices of Jeffrey D. Moffatt, arising out of, or relating to this Contingency Fee Agreement.

**Severability**
If any provision of this Agreement is determined to be void or invalid, the rest of the Agreement will remain in full force and effect.

This Contingency Fee Agreement will be governed by and construed with the laws of the State of Arizona, executed at Lancaster, California on the date and year below written.

**No Advice Regarding This Fee Agreement.**
The Firm (Law Offices of Jeffrey D. Moffatt) is not acting as Client[s] counsel in advising them with respect to this Contingency Fee Agreement, as we would have a conflict of interest in doing so. If Client[s], or any of them, wish to be advised by independent counsel on the question of whether they should be so represented, we recommended that they consult with independent counsel of their choice. In addition, if they have any questions or would like additional information, we would be happy to discuss this matter with any of them.

**Additional Compensation for Contingency Fee Engagement**
Client[s] agrees if this Firm is able to recover money from U.S. Government or another party, Client[s] agrees to pay this firm thirty-three (33) percent of the recovered money as compensation to this Firm. Client[s] agrees to pay thirty-three (33) percent of the gross amount recovered immediately after the first trial, by settlement, administrative process or otherwise. Costs such as phone charges, postage, mileage, hotels in pursuit of this case will be deducted off the client's sixty-seven (67) percent. Client[s] also understands that litigation and other expenses will be deducted before or after the contingent fee is calculated.

**Assignment of Future Income**
I agree to assign thirty-three (33%) percent to this Firm, as future income received from the U.S. Government or another party, as it relates value of services and/or income received as a result of this Firm and Jeffrey D. Moffatt's, work on this case.

**Assignment at demise of Client**
I agree that if I becomes deceased this Firm, will receive assignment of income from the U.S. Government or another party as it relates to this case.

By signing below, I grant this firm a lien on all claims or causes of action and on all sums recovered by way of settlement or judgment recovery and I agree that the firm will have all liens, including without limitation charging liens, available at law or in equity. I also grant this firm a lien on all funds or other property held by the firm in trust. All liens referred to in this paragraph shall secure my prompt and full performance of all my obligations under this agreement. Upon payment of the balance owed and the conclusion of the firm services, if you request, we will deliver to you any funds or property of yours in our possession.

I understand that under Section 15(a) (3) of FLSA I cannot be discharged, disciplined or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim.

AGREED:

Name: David Paul Whalen Sr.

Address: 30240 Knight Ct.
Tehachapi, CA 93561

Home Tel. No: 661-821-2550

Work Tel. No: 661-277-3843

Home E-mail Address: whalens4@sbcglobal.net

Indicate the time that you worked for the FAA, High Desert Tracon (month/year

From July 25, 1996 To Present

Signature: [signature] Date: 9-28-07

Printed Name: David P. Whalen Sr.

AGREED:

Signature: [signature] Date: 9/28/07
Jeffery D. Moffatt, Attorney

Printed Name: Jeffrey D. Moffatt

Law Offices of Jeffrey Moffatt
43625 N. Sierra Highway, Suite A
Lancaster, California, 93534
(661) 945-6121
Other Office Location: 7702 East Double Tree Ranch Road
Route 300-05
Scottsdale, AZ 85258

AGREED:

Name: GREG MORGAN

Address: 2010 W AVE K #428

LANCASTER CA 93536

Home Tel. No: 9438517

Work Tel. No: ____________

Home E-mail Address:

______________________________

Indicate the time that you worked for the FAA, High Desert Tracon (month/year

From 10-19-98 To 10-1-05

Signature: [signature] Date: 9-28-07

Printed Name: GREG MORGAN

AGREED:

Signature: [signature] Date: 9/28/07
Jeffery D. Moffatt, Attorney

Printed Name: JEFFREY D. MOFFATT

Law Offices of Jeffrey Moffatt
43625 N. Sierra Highway, Suite A
Lancaster, California, 93534
(661) 945-6121
Other Office Location: 7702 East Double Tree Ranch Road
Route 300-05
Scottsdale, AZ 85258