IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAVID WHALEN, GREGORY TURNER, GREG MORGAN and ATC1 through ATC50, Plaintiff, | ) |
| v. | ) No. 07-707C (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) |

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT

Defendant, the United States, respectfully requests, pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"), that the Court dismiss the complaint of David Whalen and ATC1 through ATC50. Mr. Whalen's complaint is duplicative of another pending suit in this Court and plaintiffs have violated RCFC 10(a) by not listing the names of plaintiffs ATC1 through ATC50. Additionally, pursuant to RCFC 12(e), we respectfully request that the Court order plaintiffs to provide a more definite statement before the Government is required to interpose a pleading responsive to plaintiffs' complaint. Plaintiffs' complaint is so vague that we cannot reasonably be required to frame a responsive pleading.

STATEMENT OF FACTS

Plaintiffs David Whalen, Gregory Turner, Greg Morgan and 50 other plaintiffs, identified under the fictitious names ATC1 through ATC50, brought a collective action claiming that they, and other similarly situated air traffic controllers for the Federal Aviation Administration ("FAA"), High Desert TRACON, Edwards Air Force Base, California, worked more than forty hours per week at various times between April 1, 1996 through the present, but were not compensated for overtime pursuant to the Fair Labor Standards Act ("FLSA"). Compl. 1-2.

Plaintiffs claim that defendants "ordered, obligated and/or required" plaintiffs to "perform administrative, exercise, medical, inspection and other duties" without compensating them pursuant to the FLSA. Id. at 2. Plaintiffs also appear to allege that they were not compensated for other time spent working on Government property. Id. at 3.

## ARGUMENT

### I. Plaintiff David Whalen Should Be Dismissed Because His Lawsuit Is Duplicative Of Abbey v. United States

The United States Court of Appeals for the Federal Circuit has held that a trial court "has discretion to dismiss a complaint which simply duplicates another pending related action." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (citations omitted). As a matter of policy, there is "no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (citation omitted).

Here Mr. Whalen has sued the United States in another action in this Court, Abbey v. United States, Fed. Cl. No. 07-272C (filed May 5, 2007). App. 17-18. While the Abbey plaintiffs make allegations regarding a number of issues that are not present in this case, one of the allegations in Abbey is the same one at issue in this case. In paragraph 29 of the Abbey complaint, the Abbey plaintiffs allege:

> plaintiffs have been suffered or permitted to perform work activities, without compensation, before their official scheduled starting times for work and after their official starting times for work. Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs for all hours worked."

Id. at 10. The Abbey plaintiffs also allege a willful violation of the FLSA. Id. Plaintiffs make the same allegations in this case, i.e., that the Government has wilfully failed to pay plaintiffs overtime, pursuant to the FLSA, for all hours worked. Compl. 5, 8. Mr. Whalen should not be allowed to be a plaintiff in duplicative actions, therefore, he should be dismissed from this suit.

II. Plaintiffs ATC1 Through ATC50 Should Be Dismissed For Failing To Follow RCFC 10(a), Which Requires That The Names Of All The Parties Be Set Forth In The Caption

RCFC 10(a) requires that the caption of a complaint "include the names of all the parties . . ." The use of fictitious names in a complaint is "contrary to this requirement." Wolfchild v. United States, 62 Fed. Cl. 521, 552 (2004). Additionally, the use of fictitious names "runs afoul of the public's common law right of access to judicial proceedings . . ." Does I thru XIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). Nevertheless, federal courts have allowed parties to proceed under fictitious names when "special circumstances justify secrecy." Id. (collecting cases). A trial court should weigh "the party's need for anonymity against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing parties." Wolfchild, 62 Fed. Cl. at 552-53 (citing Advanced Textile, 214 F.3d at 1068).

Five factors courts have set forth to determine whether using fictitious names is necessary are: 1) "the severity of the threatened harm"; 2) "the reasonableness of the anonymous party's fears"; 3) "the anonymous parties' vulnerability to such retaliation"; 4) "whether disclosure of the party's identity would best serve the public interest"; and 5) "the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured to mitigate that prejudice." Id. at 553 (quoting Advanced Textile, 214 F.3d at 1068-69).

In this case, the five factors weigh against allowing plaintiffs to proceed as fictitious parties. For factor one, plaintiffs have not alleged any "threatened harm" that is severe. As an initial matter, they have not alleged any "threatened harm." Plaintiffs only statement regarding why they are proceeding as fictitious parties is "because numerous [air traffic controllers] fear retaliation if they prosecute an action seeking compensation to which they are lawfully entitled." Compl. 1. The complaint makes no mention of any specific threats, nor does the complaint allege any specific harm plaintiffs fear they will suffer.

For factor two, plaintiffs' fear of retaliation is not reasonable. The FLSA specifically forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits. 29 U.S.C. 215(a)(3) (making it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . ."). Any plaintiff that signed the necessary consent form for this action should certainly be aware of this fact. See Compl. Ex. 1, p. 3 ("I understand that under Section 15(a)(3) of FLSA I cannot be discharged, disciplined or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim."). Also, this case is distinguishable from Advanced Textile, 214 F.3d 1058, where plaintiffs were allowed to proceed as fictitious parties in an FLSA suit. In Advanced Textile, plaintiffs made specific allegations that they were "interrogated about, warned against, and threatened for making complaints about their working conditions by defendants [textile companies in the Commonwealth of the Northern Mariana Islands] and recruiting agents." 214 F.3d at 1071. Additionally, the threats in Advanced Textile "ran the gamut from termination and blacklisting,

to deportation, arrest, and imprisonment." Id. Here, plaintiffs do not allege that they have been threatened, let alone threatened with severe harm.

Furthermore, unlike in Advanced Textile, plaintiffs here are not alleging retaliation by textile firms in a United States commonwealth where human rights abuses had been investigated, id. at 1063 n.3, but rather, the FAA, a United States Government agency. "There is a strong presumption in the law that administrative actions are correct and taken in good faith. It takes 'well-nigh irrefragable proof' to overcome the presumption." Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986) (citations omitted). Here, plaintiffs have not presented any evidence to prove, nor even alleged, that the FAA has retaliated against employees for filing FLSA complaints.

For factor three, plaintiffs are not vulnerable to retaliation. As Government employees, if plaintiffs believe they have been retaliated against for filing a complaint, they may seek corrective action from the Office of Special Counsel. 5 U.S.C. § 1214(a)(1)(A), 2302(b)(9). Furthermore, if a Government employee is suspended for more than 14 days or demoted (based upon an allegation of unacceptable performance), he or she can appeal that suspension to the Merit Systems Protection Board. 5 C.F.R. § 1201.3(a). Government employees are even more protected from illegal personnel actions than employees in the private sector. Therefore, plaintiffs are not vulnerable to retaliation.

For factors four and five, the public interest weighs in favor of disclosing plaintiffs' names and the Government would be prejudiced if plaintiffs' names were not disclosed. First, without proof of a reasonable fear of retaliation on the part of vulnerable plaintiffs, plaintiffs have not overcome the presumption "that parties' identities be available to the public and the

likelihood of prejudice to the opposing parties." Wolfchild, 62 Fed. Cl. at 552-53 (citing Advanced Textile, 214 F.3d at 1068). Second, the Government needs to know which plaintiffs are alleging that they were not paid proper overtime so that they can investigate plaintiffs' allegations. Third, the plaintiffs' who filed under fictitious names may also be plaintiffs in Abbey, like Mr. Whalen, and should be dismissed for this reason. Finally, to allow plaintiffs to file under fictitious names in this suit would set a terrible precedent. Since plaintiffs have presented no evidence of any threats of retaliation or vulnerability to retaliation, all FLSA plaintiffs who are still employed by the Federal Government would be able to file under fictitious names, simply by stating that they fear retaliation. This would make defending FLSA lawsuits extremely difficult for the Government because the Government would be unable to investigate individual claims.

Therefore, plaintiffs ATC1 through ATC50 should be dismissed because they have failed to include the names of the parties in the complaint pursuant to RCFC 10(a).[1]

III. Plaintiffs Should Be Required To Provide A More Definite Statement

Plaintiffs allege that they have not been compensated for hours worked in excess of 40 per week for most of their employment as Air Traffic Controllers at High Desert TRACON, Edwards Air Force Base, California. Compl. 2. However, they fail to identify the specific pay periods during which each plaintiff alleges that he or she has not been fully compensated.

[1] Another basis upon which plaintiffs ATC1 through ATC50 should be dismissed is because they have not filed consent forms. The FLSA requires party plaintiffs to file consent forms with the Court. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). At the very least, plaintiffs should be required to file consent forms for ATC1 through ATC50.

Without that information, the Government cannot reasonably be expected to respond to the allegations in plaintiffs' complaint that plaintiffs have not been fully compensated.

Plaintiffs allege that they performed "administrative, exercise, medical, inspection and other duties" for which they were not compensated. Id. From this statement, the Government is unable to ascertain the specific duties for which plaintiffs allege that they were not compensated. Furthermore, paragraph 10 of plaintiffs' complaint is unintelligible. Id. at 3. Plaintiffs appear to be alleging that they were not compensated for time spent working on Government property. If this is the case, the Government cannot reasonably be expected to ascertain what duties they allege they performed while on Government property and whether these duties were principal activities or merely preliminary and/or postliminary activities.[2] 29 U.S.C. § 254.

In addition, we cannot reasonably be expected to know the extent of potential defenses to plaintiffs' claims. Plaintiffs bring their action pursuant to the FLSA. Compl. 1. The FLSA sets forth a statute of limitations of two and three years from the time a plaintiff files his or her consent form, depending upon the basis of the claim. See 29 U.S.C. §§ 255(a), 256. Although plaintiffs request relief within "the relevant period of limitations," Compl. 6, 8, the complaint also indicates that plaintiffs' claims might include claims accruing more than three years before they filed suit. Several times, in their complaint, plaintiffs refer to periods of employment from April 1, 1996, Compl. 2, 6, 7, which, of course, includes periods more than three years before

---

[2] To the extent plaintiffs are alleging that they should be paid for time spent on Government property performing duties that are preliminary and/or postliminary to their principal duties, or for travel time prior to starting their principal duties or after their principal duties end, this portion of their complaint should be dismissed. 29 U.S.C. § 254(a) (no employer shall be held liable for failing to pay employees for time spent before principal activities begin or after principal activities end: 1) "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform"; or 2) on "activities which are preliminary to or postliminary to said principal activity or activities.")

October 1, 2007. However, because they have not identified the specific pay periods during which they allege that they have not been fully compensated, we cannot reasonably be expected to know whether we have a statute of limitations defense to any of plaintiffs' claims.

For these reasons, we request that the Court order plaintiffs to provide a more definite statement identifying the specific pay periods during which each plaintiff alleges that he or she has not been fully compensated and the specific duties for which plaintiffs allege they were not paid.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director

/s/ William P. Rayel

WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0302
Facsimile: (202) 307-0972

Attorneys for Defendant

Eden Brown Gaines
Michael Doherty
Julia Rhodes
Federal Aviation Administration
Office of Chief Counsel, AGC-30
600 Independence Ave., SW
Suite 1E-100
Washington, DC 20591

November 30, 2007

CERTIFICATE OF FILING

I hereby certify that on this 30th day of November, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ William P. Rayel