**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, GREG MORGAN and ATC 1 through ATC 50,** | ) | **07-707C** |
| **Plaintiff,** | ) | **(Judge Lettow)** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiffs are and were Air Traffic Control Specialist ("ATCS") employed at High Desert TRACON, Edwards Air Force Base, California. Plaintiffs claim that they were entitled to receive overtime compensation as required by the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq., ("FLSA"), for overtime work they performed. They further claim that defendant improperly treated them as being exempt from the FLSA.

The complaint alleges that the defendant has required these ATCS's to work in excess of 40 hours per week and has failed to compensate them for this work as required by the FLSA. (Complaint ¶¶ 7-9, 19-21) Plaintiffs further allege that they were employed by the Federal Aviation Administration at all times relevant and during the three years prior to the filing of the complaint in September, 2007 (the FLSA limitations period). (Complaint ¶ 6).

Defendant, The United States ("government"), by motion ("Mot") argues the Court should "dismiss the complaint" as to party plaintiff David Whalen on the theory of duplication of another "pending suit in this Court" citing as the legal basis for said dismissal, "pursuant to Rule

12(b).” (Mot ¶ 1). Defendants further argue that plaintiffs have “violated RCFC 10(a) by not listing the names of plaintiffs ATC 1 through ATC 50.” (Mot ¶ 1). Lastly, defendants argue that the plaintiff should “provide a more definite statement” complaining the “complaint is so vague” citing as the legal basis, RCFC 12(e). (Mot ¶ 1).

**ARGUMENT IN RESPONSE**

1. **The Government’s Motion Made “Pursuant to Rule 12(b)” As To Plaintiff David Whalen Should Be Denied**

The government moves to “dismiss the complaint” as to party plaintiff David Whalen on theory that the present complaint is duplicative in another complaint in this Court, “*Abbey v. United States*, Fed. Cl. No. 07-272C.” Mot ¶ 2. The government cites as the legal basis for its dismissal, “pursuant to Rule 12(b)” and does so without identifying the subsection(s) which it moves. Mot ¶ 1. To support its contentions that Mr. Whalen is an “Abby plaintiff,” the government predominately relies upon documents provided outside of the pleadings. See Mot Appendix.

If the government is making a RCFC 12(b)(1) motion to dismiss, the allegations stated in the Complaint are assumed to be true and jurisdiction is decided on the pleadings submitted. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996); *see generally* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2004). If the government’s motion intends to question the Court's subject matter jurisdiction, evidence outside the pleadings may then be considered. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).

Yet looking to the “true nature of the action in determining the existence or not of jurisdiction” (*Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005)), the government concedes that the Court has jurisdiction over these FLSA claims because it does not

make any such jurisdictional claims as to the other plaintiff's who are similarly situated. In fact, the government's motion makes no reference to the word "jurisdiction" and appears to concede that this Court does have jurisdiction over all claims as well as personal jurisdiction over all party's including Mr. Whalen. Being entirely unclear what jurisdictional claims the government is attempting to prove, such claims if any, must fail under RCFC 12(b)(1).

Because the government makes no reference to a jurisdictional claim, and present matters outside of the pleading, the possibility remains the government may be mistakenly asking the Court to grant a partial summary judgment upon Mr. Whalen. Yet there exists no statement that such is the government's intentions and the government makes no reference to "12(b)(6)".

Rule 12(b) provides in relevant part:

> "If, a motion **asserting the defense numbered (6)** to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56." See Rule 12(b), emphasis added.

Thus, the natural reading of the rule is, the government must first plead a defense under Rule 12(b)(6) which it does not. There is no indication of it, nor does it state that Rule 56 is the alternative requested.

A motion to dismiss for failure to state a claim under RCFC 12(b)(6) tests the sufficiency of the complaint. Dismissal is only appropriate when the accepted pleading standard set forth in RCFC 8(a)(2) is not met:

> "once a claim for relief has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. , 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Moreover, "once a claim for relief has been stated, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id*. at 1969 (citation and internal quotation marks omitted).

For the same logical reasons here why the RFCF 12(b)(1) request fails, that is, all other plaintiff's claims are not contested, thus the admission of viable claims to them, applies equally to Mr. Whalen as all plaintiffs' are similarly situated. Complaint ¶ 16. What the government appears to be doing, is short circuit Rule 12(b) and leap to the result of a conversion to Rule 56 without first meeting the threshold requirement of making claim under Rule 12(b)(6). This is entirely inappropriate.

For a conversion to properly commence, another threshold requirement is, the Court must first accept the "matters outside the pleading." After that, because defendants have failed to do so, the Court is then to provide notice that the issue will be treated as one for summary judgment and then provide a reasonable opportunity to present all material made pertinent to such a motion by RCFC 56.

RCFC 12(b) provides that when an RCFC 12(b)(6) motion is converted into an RCFC 56 motion, the parties "shall be given a reasonable opportunity to present all material made pertinent to such a motion by RCFC 56." RCFC 12(b); see *Thoen v. United States*, 765 F.2d 1110, 1114 (Fed. Cir. 1985) ("Cases from this and other courts underscore the importance of the opportunity for the opposing party to counter a summary judgment motion."). Again, as the rules require, as due process demands, the government must give notice of its intent. Even then, were the government's motion considered in light most favorable to it, the admission that there are "a number of issues that are not present in this case" does not justify the drastic relief they request. See Mot ¶ 2.

Under Rule 56, the government as the moving party on its motion if that was its intent, it has the burden of establishing the absence of disputed genuine issues of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Again, the government cites nothing that would change the outcome of the litigation. For these reasons, government's attachments should not be considered as well as the government's request "pursuant to Rule 12(b)" must fail.

**2. The Government's Motion Made "Pursuant to Rule 10(a)" As To Plaintiffs ATC 1 through ATC 50 Should Be Denied**

Under RCFC 10(a) the trial court should weigh "the party's need for anonymity against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing parties." *Wolfchild*, 62 Fed. Cl. at 552-53 (citing Advanced Textile, 214 F.3d at 1068).

The Government argues that, "plaintiffs' fear of retaliation is not reasonable" because, "The FLSA specifically forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits." Mot ¶ 4. However, this argument in opposite to the decisions held in *Mitchell v. Roma*, 265 F.2d 633, 637 (3rd Cir. 1959) and *Gomez v. Buckeye Sugars*, 60 F.R.D. 106 (N.D. Ohio 1973) where those courts upheld anonymity based upon the same assertions. In *Mitchell v. Roma* at 637 the court held that "[despite] the statutory prohibition against retaliation [it] provides little comfort to an employee faced with the possibility of subtle pressures by an employer, which pressures may be so difficult to prove when seeking to enforce the prohibition").

While the court in *Gomez*, addressing the FLSA held that "The FLSA "requires the initiation of a collateral proceeding by the aggrieved party or by the [Secretary of Labor], it is one which would obviously be extremely difficult for the Court to properly police." Therefore, the court granted the FLSA plaintiffs anonymity because "the method proposed by plaintiffs affords them a higher degree of security than does the statutory provision without being subject to the vagaries that promises"). *Id* at 107.

In this action, the plaintiff's have only requested that during the early stages of the proceedings the employee's remain anonymous until required by the court, until class status has been granted or until the employees have completed their consent forms and facts pertaining to the reasonableness of any potential fear can be obtained. If then at time later, of course, such relief the government seeks might be appropriate. The retaliation remedies the government claims exists, does not cure the concern that a potential party may possess which effect would cause them not to exercise their rights to their FLSA claims in the first place. Stated plainly, the government's argument is premature.

Moreover, *Does I thru XIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000) upon which the Government relies does not support their argument. In *Advanced Textile* at 1069, the court found that the district court had abused its authority where it did not allow the plaintiffs to proceed anonymously. The court stated,

> "The district court erred by failing to consider evidence of threatened retaliation by parties not before the court; concluding that risks of extraordinary economic injury are insufficient as a matter of law to satisfy plaintiffs' burden; failing to consider as a factor plaintiffs' vulnerability to retaliation; failing to identify specific prejudice to defendants; and failing to decide whether the public's interest was best served by requiring plaintiffs to reveal their identities." *Id* at 1067-69.

In this action, this Court should allow the plaintiffs to remain anonymous. This Court should do so because, 1) plaintiffs are and will continue to be vulnerable to retaliation based

upon their employment with the government, 2) the government has failed to identify any specific prejudice it would suffer if those plaintiffs are allowed to remain anonymous and 3) the government has failed to demonstrate what public interest would be served if the plaintiffs are allowed to be anonymous.[1]

### 3. The Government's Motion Pursuant to Rule 12(e) Should Be Denied

Lastly, the government moves "pursuant to RCFC 12(e)" for a more definitive statement alleging "they [plaintiffs] have not identified the specific pay periods [that] he or she has not been fully compensated" which result deprives the government of knowledge "whether we have a statute of limitations defense to any of plaintiffs' claims." Mot ¶ 6- 7. Yet by its own statements, the government is fully aware that the complaint is narrow and only to Air Traffic Controllers, employed and formally employed at Edwards AFB. It is well settled public knowledge that such records the government complains of are in its exclusive custody and control. Complaint ¶ 6; Mot ¶ 6.

As previously discussed, a complaint is to be evaluated upon pleading standard set forth in RCFC 8(a)(2). Here, the government makes precisely the same argument which was denied in this Court by Judge Flutey. See *Fed. Air Marshals FAM 1 through FAM 1096 v. United States*, 74 Fed. Cl. 484, 488 (2006). In that case, Judge Flutey said:

> "Plaintiffs have adequately pleaded their claim for overtime compensation for the years during which defendant failed to comply with FLSA. Considering defendant

---

[1] The government also argues that it "needs to know which plaintiffs are alleging that they were not paid proper overtime so that they can investigate plaintiffs' allegations. Mot. ¶ 6. This argument is misplaced and unsupported. Plaintiffs have properly alleged that it is those Air Traffic Controllers who worked at High Desert TRACON from January 1996 until the filing of the complaint and who were not being properly paid. Because the government has the ability to investigate which Air Traffic Controllers are and were assigned to High Desert TRACON during those periods it has the ability to identify each and every possible plaintiff. See *Advanced Textile* at n11.

> has control over these records itself, it can easily access those documents during discovery and better establish the time periods in question."

The finding that it was not burdensome in that case, with over a thousand plaintiffs's it is certainly not greater here with a meager 53 potential plaintiff's. Accordingly, the government's motion for a more definitive statement must be denied.

**CONCLUSION**

For the above and foregoing reasons, the government's motions "pursuant to Rule 12(b)," "RCFC 10(a)" and "RCFC 12(e)" should be denied.

Respectfully submitted,

________________________________
/s Jeffrey D. Moffit, Attorney for Plaintiffs

Dated, February 15, 2008

Jeffrey D. Moffatt, Esq.
43625 N Sierra Hwy, Suite A
Lancaster, CA 93534
661 9456121
Fax 661 9453019
Jeffreymbajd@hotmail.com

I hereby certify that on February 15, 2008 a copy of the foregoing Plaintiff's response to the Defendant's "MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. s/Jeffrey D. Moffatt