IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, GREGORY TURNER, GREG MORGAN and ATC1 through ATC50, | ) | |
| Plaintiff, | ) | No. 07-707C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
IN PART AND MOTION FOR A MORE DEFINITE STATEMENT

Defendant, the United States, respectfully replies to plaintiffs' response to our motion to dismiss the complaint, in part, and motion for a more definite statement. In their response, plaintiffs have failed to show that Mr. Whalen's complaint is not duplicative of another pending suit in this Court and that plaintiffs have not violated Rule 10(a) of the Rules of this Court ("RCFC") by not listing the names of plaintiffs ATC1 through ATC50. Additionally, plaintiffs have failed to show that their complaint is sufficiently definite.

ARGUMENT

I. Plaintiff David Whalen Should Be Dismissed Because His Lawsuit Is Duplicative Of Abbey v. United States

In our motion to dismiss, we demonstrated that the United States Court of Appeals for the Federal Circuit has provided this Court with discretion to dismiss duplicative suits and that Mr. Whalen had previously filed an action in this Court encompassing the issues in this case. Def. Mot. 2-3.[1] In their response, plaintiffs did not argue to the contrary. Rather, plaintiffs attacked

[1] "Def. Mot. __" refers to the Government's motion to dismiss the complaint in part and motion for a more definite statement filed on December 16, 2007.

the procedural mechanism by which the motion to dismiss was brought, alleging that RCFC 12(b) was inappropriate. Pl. Resp. 2-5.

Plaintiffs may be correct that a dismissal based upon a duplicative suit does not fit within the Rule 12(b) defenses. However, plaintiffs' argument is irrelevant. The Federal Circuit has made clear that a trial court "has discretion to dismiss a complaint which simply duplicates another pending related action." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (citations omitted). Whether this falls within a specific Court rule or not, both the Federal Circuit and common sense dictate that a trial court need not and should not have two or more duplicative suits on its docket at the same time. The discretion to dismiss duplicative lawsuits aids in the "just, speedy, and inexpensive determination of every action." RCFC 1. Additionally, such discretion falls within the Court's discretion pursuant to RCFC 83(b), which states, "A judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)."

Therefore, Mr. Whalen should be dismissed from this suit since this action is duplicative of a previously filed action, Abbey v. United States, Fed. Cl. No. 07-272C (filed May 5, 2007).[2]

[2] Additionally, after filing our motion to dismiss, defendant's counsel was notified that plaintiff, Greg Morgan, has also filed a duplicative lawsuit. On September 28, 2007, three days before this lawsuit was filed, Mr. Morgan filed a pro se lawsuit in the United States District Court for the District of Columbia against the Federal Aviation Administration ("FAA") and Susan Marmet alleging, in part, that: 1) the FAA wilfully failed to compensate him for overtime worked, in violation of the Fair Labor Standards Act ("FLSA"); and 2) that the FAA wilfully fired him in retaliation for enforcing his FLSA rights. Def Rep. App. 1-8 ("Def. Rep. App. __" refers to the appendix attached to this brief). Mr. Morgan's suit in this Court is duplicative because Mr. Morgan is alleging that the FAA wilfully failed to pay him overtime in this suit, as well. Compl. 2-7. Just as the Court may dismiss a suit that duplicates another suit in this Court, it may also dismiss a suit that duplicates a suit in another Federal Court. Washington Metro. Area Transit Authority v. Ragonese, 617 F.2d 828 (D.C. Cir. 1980). Therefore, defendant respectfully requests that the Court dismiss Mr. Morgan from this suit sua sponte.

II. Plaintiffs ATC1 Through ATC50 Should Be Dismissed For Failing To Follow RCFC 10(a), Which Requires That The Names Of All The Parties Be Set Forth In The Caption

In our motion to dismiss, we outlined the five factors set forth by this Court in Wolfchild v. United States, 62 Fed. Cl. 521, 553 (2004), to analyze whether plaintiffs have overcome the presumption that plaintiffs' names should be disclosed. Def. Mot. 3-4. We also demonstrated that the five factors weigh in favor of the Government. Id. at 4-6. Fictitious plaintiffs do not dispute that there has been no threatened harm against them, but, nonetheless, argue that their fears of retaliation are reasonable and that it would be in the public interest to allow them to proceed under fictitious names. Pl. Resp. 5-7. Plaintiffs are incorrect in these assertions.

In support of their argument that plaintiffs fears of retaliation are reasonable, plaintiffs cite two cases that are distinguishable. In Mitchell v. Roma, 265 F.2d 633 (3d Cir. 1959), there were no fictitious plaintiffs. Rather, plaintiff, the Secretary of Labor, sought to withhold information regarding which of defendant's employees gave information to the Department of Labor. Id. at 635. Also, in Mitchell, the Government provided defendant employer with 85 names of employees known or believed to have knowledge concerning the FLSA matters at issue. Id. The court stated that a "distinction must be drawn between telling an employer which employees were underpaid and who gave information about underpayment" to the Government. Id. at 637-38. Therefore, Mitchell is distinguishable.

Gomez v. Buckeye Sugars, 60 F.R.D. 106 (N.D. Ohio 1973) is also distinguishable. In Gomez, plaintiffs were only going to remain fictitious until after an issue was decided about whether the two defendants were joint employers. Id. at 106. This is different than an inquiry into whether an employer failed to pay overtime benefits. Since the court determined that information regarding whether defendants were joint employers was solely in the possession of

defendants, plaintiffs were allowed to proceed as fictitious parties. Id. at 107. Since plaintiffs here are seeking relief for failure to pay specific hours of overtime, it is necessary that the Government be able to know who the plaintiffs are so that they can investigate the allegations that the individuals were not paid overtime pursuant to the FLSA.

Additionally, the Government was not the defendant in either Mitchell or Gomez. Unlike a private employer, there is "a strong presumption in the law that administrative actions are correct and taken in good faith. It takes 'well-nigh irrefragable proof' to overcome the presumption." Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986) (citations omitted). Here, plaintiffs have not presented any evidence to prove, nor even alleged in this case, that the FAA has retaliated against employees for filing FLSA complaints. Furthermore, as we noted in our motion to dismiss, Government employees have recourse to the Office of Special Counsel, as well as the Merit System Protection Board in some circumstances, if they are retaliated against. Def. Mot. 5 (citing 5 U.S.C. § 1214(a)(1)(A), 2302(b)(9); 5 C.F.R. § 1201.3(a)). Therefore, plaintiffs' alleged fears of retaliation are not reasonable.

With regard to the specific prejudice the Government would suffer if plaintiffs remain anonymous, the Government will not be able to investigate individuals claims that they were not paid FLSA overtime before answering the complaint. The Government should not have to investigate the schedules of all Air Traffic Controllers that have been employed by the FAA at High Desert TRACON, Edwards Air Force Base, California in the last three years, particularly in light of the fact that plaintiffs have not provided a definite statement as to the work for which they allege they were not paid. See Section III, below. The Government also should not be forced to wait until "facts pertaining to the reasonableness of any potential fears can be

obtained," Pl. Resp. 6, in order to begin gathering facts related to plaintiffs' overtime claims. Unlike plaintiffs in Does I thru XIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000), plaintiffs in this case have not presented any evidence of any threatened harm. Plaintiffs appear to be in no different a situation than any other FLSA plaintiff. To allow plaintiffs to proceed under fictitious names would make a mockery of RCFC 10(a), by essentially allowing all FLSA plaintiffs who are still employed by the Federal Government to be able to file under fictitious names, simply by stating that they fear retaliation.

To allow plaintiffs to file under fictitious names would also run counter to the intent of the collective action provisions of the FLSA. As this Court's predecessor stated in Canfield v. United States, "the purpose of the ban on representative actions was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of the lawsuit. Such situations unfairly left employers in the dark concerning the identify of the individuals whose claims would be litigated at trial." 14 Cl. Ct. 687, 689-90 (1988) (quoting Arlington v. National Broadcasting Co., 531 F. Supp. 498, 501 (D.D.C. 1982)) (emphasis added).[3] Likewise, allowing plaintiffs to proceed under

---

[3] Furthermore, plaintiffs may actually be prejudiced by filing under fictitious names. In a collective action, an individual plaintiff's suit is not commenced for purposes of the statute of limitations until a consent form is filed. 29 U.S.C. § 256; see also Canfield, 14 Cl. Ct. at 692 ("The requisites for tolling are thus twofold: a complaint and a written con- sent."); Salazar v. Brown, No. G87-961, 1996 WL 302673, at *10 (W.D. Mich. 1996) ("The statute makes clear that the filing of a consent may come after the filing of the complaint, but a collecti[ve] action is not commenced for purposes of the statute of limitations until both the complaint and the claimant's individual written consent are filed.") (citations omitted). Therefore, to the extent any of the fictitious plaintiffs have claims that date back to the period just after two to three years from today, they are losing potential recovery every day that they fail to file a consent form with the Court.

fictitious names would leave the Government "in the dark concerning the identify of the individuals."

Finally, in this particular case, it is necessary to know who the plaintiffs are because named plaintiffs have shown a pattern of duplicative suits. Both Mr. Whalen and Mr. Morgan have previously filed suits alleging that they were not compensated for overtime worked pursuant to the FLSA, and those suits are still pending. The Government needs to be able to determine if this suit is duplicative as to the other 50 plaintiffs as well, so that those plaintiffs can be properly dismissed. This is especially important in light of the Abbey case, where over 7,200 Air Traffic Controllers employed, or formerly employed, by the FAA, including Mr. Whalen, have already filed suit against the Government.

Therefore, plaintiffs ATC1 through ATC50 should be dismissed because they have failed to include the names of the parties in the complaint pursuant to RCFC 10(a).

III. Plaintiffs Should Be Required To Provide A More Definite Statement

Again, plaintiff responds to one of our arguments, yet contends that the motion for a more definite statement should be denied in whole. Plaintiffs have failed to refute that they have not identified, with specificity, the duties for which they allege that they were not compensated. This is particularly important in light of the fact that, in paragraph 10 of their complaint, plaintiffs may be alleging that they were not being compensated for time spent performing preliminary or postliminary activities or traveling to and from their duty stations at the base. Compl. 3. Such claims should be dismissed. 29 U.S.C. § 254(a). Therefore, our motion for a more definite statement should be granted as to the vague allegations of the overtime work allegedly performed.

Additionally, the case cited by plaintiffs with regard to alleging the pay periods during which they allege they were not compensated, Federal Air Marshals (FAM) 1 through FAM 1096, 74 Fed. Cl. 484 (2006) ("FAM 1096)," is distinguishable because there is no indication in FAM 1096 that plaintiffs were seeking to include members of the collective action that were employed more than 11 years before the complaint was filed, as plaintiffs have sought in this case. The statute of limitations for a FLSA claim is two years, or three years for a wilful violation. 29 U.S.C. § 255(a). It is unclear whether plaintiff is seeking damages within "the relevant period of limitations," Compl. 6, 8, of two or three years, or back to April 1, 1996. Id. at 5-7. Therefore, plaintiffs should be required to identify, with specificity, the pay periods for which they are seeking relief.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our motion, the Court should grant our motion to dismiss the complaint, in part, and motion for a more definite statement.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director

/s/ William P. Rayel

WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0302
Facsimile: (202) 307-0972

Eden Brown Gaines
Michael Doherty
Julia Rhodes
Federal Aviation Administration
Office of Chief Counsel, AGC-30
600 Independence Ave., SW
Suite 1E-100
Washington, DC 20591

February 29, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of February, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ William P. Rayel