# APPENDIX

# INDEX TO APPENDIX

Documents Page

Complaint, Morgan v. Federal Aviation Admin,
No. 07-1748 RMU (September 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

07-1748 RMU

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Greg Morgan 88888 | Federal Aviation Administration, (United States Government); Susan Marmet (as a person/individual) |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) Los Angeles | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) District of Columbia<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>2010 W. Ave K #427, Lancaster, CA 93551<br>Tel: 661-943-8517<br>Fax: 661-339-0412 | ATTORNEYS<br>Case: 1:07-cv-01748<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 9/28/2007<br>Description: Labor-ERISA<br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| | | | |
|---|---|---|---|
| O **G. *Habeas Corpus/ 2255*** ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | O **H. *Employment Discrimination*** ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | O **I. *FOIA/PRIVACY ACT*** ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | O **J. *Student Loan*** ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ **K. *Labor/ERISA (non-employment)*** ☒ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | O **L. *Other Civil Rights (non-employment)*** ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | O **M. *Contract*** ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | O **N. *Three-Judge Court*** ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  O 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of FLSA overtime & retaliation, 29 U.S.C. § 216 (b)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** >500,000.00  Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** N.F. (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** 09-28-07  **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

FILED

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Greg Morgan
2010 W. Ave K #427
Lancaster, CA 93536
Telephone: (661) 943-8517
Fax: (661) 339-0412
Pro Se

Case: 1:07-cv-01748
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Labor-ERISA

JURY ACTION

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREG MORGAN,**<br>**Plaintiff,**<br>**Vs.,**<br>**FEDERAL AVIATION ADMINISTRATION,**<br>**And,**<br>**SUSAN MARMET (as an individual),**<br>**Defendants.** | **Case No.:**<br>**ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>1. Violation of FLSA, 29 U.S.C. § 207 (a) (1) (Failure to pay overtime)<br>2. Violation of FLSA, 29 U.S.C. § 215 (a) (3) (Unlawful discharge, retaliation)<br>3. Violation of FEHA, California Government Code § 12940 *et seq*, (Unlawful discharge, harassment, retaliation) to Defendant Susan Marmet as a person and/or individual |

**ORIGINAL COMPLAINT**

1. Plaintiff Greg Morgan, was during all times material herein, an employee of defendant Federal Aviation Administration (hereinafter, "FAA"), employed by defendant as an "Air Traffic Control Specialist" at defendant's High Desert TRACON, Edwards Air Force Base, California. Plaintiff Greg Morgan, brings this suit for back overtime wages owed to him by defendant FAA, and for other relief, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., (hereinafter, "FLSA") and as more fully described in the "PRAYER FOR RELIEF." Plaintiff also sues Susan Marmet as a person and individual for violations of



1

California Government Code § 12940 *et seq*, occurring outside the course and scope of her employment duties.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343 (a) (4), 28 U.S.C. § 1491 (a) (1), 28 U.S.C. § 1367 (a), and 28 U.S.C. § 1346 (a) (2).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 (e) because this action is a civil action for monetary damages, including liquidated damages, brought by plaintiffs against the FAA, pursuant to the FLSA, the FAA is an agency within the government of the United States of America. The FAA maintains its headquarters in the District of Columbia.

**PARTIES**

4. Greg Morgan ("plaintiff") was during all times material herein, an employee of defendant employed at the FAA's, High Desert TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist, and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e).

5. Defendant FAA is, and at all times material herein has been, an "employer" and a "public agency" within the meaning of the FLSA. 29 U.S.C. §§ 203 (d) (defining FAA as an "public agency"), and 203 (x) (defining "public agency").

**FACTS**

6. Plaintiff was during all times material herein, was not a law enforcement officer.

7. Plaintiff, during all times material herein did not perform, "law enforcement activities" pursuant to 29 U.S.C. § 207 (k).

8. Plaintiff, during all times material herein, was subject to the coverage of the FLSA; i.e., plaintiff during all times material herein was FLSA non-exempt.

9. Plaintiff was during all times material herein, covered by a collective bargaining agreement between the National Air Traffic Controllers Association ("NATCA"), and the United States "Department of Transportation, Federal Aviation Administration" that specifically excludes

FLSA-based claims from the collective bargaining agreement's negotiated grievance procedure and/or reserved plaintiff's rights to any and all applicable statutory appeal procedures.

10. To the extent such was required by law, plaintiff has exhausted all administrative remedies.

11. Defendant FAA, at all times material herein requires its Air Traffic Control Specialists to possess and maintain a medical clearance and such medical clearance is a requirement for continued employment with FAA as an Air Traffic Control Specialist.

12. Defendant FAA, at all times material herein had a regulation, policy, practice or custom which required Air Traffic Control Specialists to re-certify the medical clearance on a periodic basis and at FAA's expense.

13. Defendant FAA, at all times material herein, from time to time, requires Air Traffic Control Specialists to obtain and produce medical information and/or documentation from their treating physicians in furtherance of the medical clearance.

**COUNT ONE**

14. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to thirteen above.

15. On or about the week of February 16, 2005, defendant ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week, to obtain and produce to defendant, medical information and/or documentation from his treating physician in furtherance of the medical clearance.

16. Plaintiff did perform such work which defendant ordered and/or required and/or suffered and/or permitted such work to have been performed. See "EXHIBIT ONE" attached hereto and incorporated by reference.

17. Plaintiff was not compensated as required by law, defendant has failed to pay compensation to plaintiff as required by law for such time actually worked, forty-five minutes.

18. By failing to compensate plaintiff for any of the overtime work performed, as described above, defendant has violated the FLSA, 29 U.S.C. § 207 (a) (1).

19. Defendant's violation of the FLSA was willful.

**COUNT TWO**

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to nineteen above.

21. On or about March 18, 2005, plaintiff sent letter complaining the lack of payment for such work which defendant ordered and/or required and/or suffered and/or permitted plaintiff to perform. See "EXHIBIT TWO" attached hereto and incorporated by reference.

22. On or about March 21, 2005, responding to plaintiff's letter of March 18, 2005, defendant, through its officers, employee's and/or agents replied: "In regard to your requested overtime, this issue will be addressed shortly." See "EXHIBIT THREE" attached hereto and incorporated by reference.

23. Thereafter, on or about September 30, 2005, defendant discharged plaintiff (terminated plaintiff's employment) predominately upon a charge: "Working beyond shift without authorization to do so and then claiming it as overtime." See "EXHIBIT FIVE" attached hereto and incorporated by reference.

24. Plaintiff has and continues to institute and/or caused to be instituted proceedings related to Chapter 8 of Title 29 and has testified and/or will continue to testify in such proceedings.

25. Plaintiff asserts and alleges that defendant discriminated and continues to discriminate against plaintiff according to proof at trial.

26. By discharging plaintiff and/or discriminating against plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to Chapter 8 of Title 29 and/or for testifying in any such proceedings, as described above, defendant has violated the FLSA, 29 U.S.C. § 215 (a) (3).

27. Defendant's violation of the FLSA was willful.

**COUNT THREE, (Susan Marmet as an individual)**

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to twenty-seven above.

29. California Government Code § 12940 *et seq*, (the California Fair Employment and Housing Act, hereinafter "FEHA") makes it unlawful, for any person to take adverse actions against employees who complain about discrimination and/or harassment at work.

30. Defendant Susan Marmet (hereinafter "Marmet") was at all times material a supervisor and/or agent of FAA.

31. Marmet at all times relevant to this charge, was not acting in the course and/or scope of her employment.

32. The medical documents previously mentioned and obtained by plaintiff, contained specific complaints to his physician of past events relating to retaliation and/or discrimination and/or harassment by Marmet to plaintiff for which diagnosed medical condition, "combat fatigue."

33. Marmet received and/or reviewed the medical documents previously mentioned or otherwise was knowledgeable of and/or became knowledgeable of the content therein.

34. By discharging plaintiff and/or discriminating and/or harassment against plaintiff and/or participating in the discharge and/or discrimination and/or harassment of plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to FEHA and/or for testifying in any such proceedings, as described above, defendant Marmet has violated the FEHA, California Government Code § 12940 *et seq*.

35. Defendant Marmet's violation of the FEHA was willful

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF requests that this Court:**

36. **AS TO COUNT ONE**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award those damages against the defendant and in favor of the plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

37. **AS TO COUNT TWO**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award plaintiff employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages, including but not limited to back pay, leave, overtime, differential(s), premium pay, awards, retirement loss, medical, insurance, absence, night, Sunday and holiday compensation, liquidated damages and interest under the FLSA and/or any other law, rule or

regulation from the date of the discharge until the judgment herein is paid pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

38. **AS TO COUNT THREE:** That this Court exercise it supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over all claims against Marmet as a person and/or individual; and

39. That this Court decree and declare that Marmet was not acting with the scope of her employment specific to the acts complained of under FEHA; and

40. That this Court award General and Compensatory damages as defendant Marmet, in the amount of two hundred fifty thousand dollars for each deprivation of FEHA to plaintiff identified in this cause of action; Punitive Damages as to defendant Marmet, Reasonable attorney fees, investigation fees and expert witnesses' fees and all other costs pursuant to relevant statutory authority for violations of FEHA; and

41. **AS TO COUNTS ONE AND TWO**: Award plaintiff's counsel (if any) reasonable attorney's fees to be paid by the defendant under FLSA, the Equal Access to Justice Act, and/or pursuant to any other law rule or regulation; and

42. An apology by the persons responsible and/or associated with the violations of the FLSA as more fully provided herein; and

43. An order compelling FAA to expunge all records relating to the events of his discharge, and compelling the FAA to retrieve and expunge, or cause the expungement of, all such records that are in the hands of other government agencies as a result of having been transmitted or forwarded by FAA; and

44. **AS TO ALL COUNTS**: Grant to plaintiff any and all such other legal and/or equitable relief as may be just and proper

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff herein demands a Trial by Jury.

Dated this 26th day of September, 2007

Respectfully Submitted,

By: [signature]
Greg Morgan
Plaintiff