# In the United States Court of Federal Claims

No. 07-707C

(Filed March 12, 2008)

| | | |
|---|---|---|
| DAVID WHALEN, *et al.*, Plaintiffs, v. UNITED STATES, Defendant. | ) | Claims under the Fair Labor Standards Act for compensation for overtime labor; subject matter jurisdiction; duplicating claims; 28 U.S.C. § 1500; joinder of anonymous plaintiffs; more definite statement |

Jeffrey D. Moffatt, Lancaster, California, for plaintiffs.

William P. Rayel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant. With him on the briefs were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., as well as Eden B. Gaines, Michael Doherty, and Julia Rhodes, Federal Aviation Administration, Office of Chief Counsel, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this case, plaintiffs, Mr. David Whalen, Mr. Gregory Turner, Mr. Greg Morgan, and fifty anonymously-named Air Traffic Control Specialists ("Specialists" or "ATCSs") using the fictitious names ATC1 through ATC50, claim that they and other similarly situated Specialists employed by the Federal Aviation Administration ("FAA") at the High Desert Terminal Radar Approach Control ("TRACON"), Edwards Air Force Base, California ("Edwards AFB") have not been compensated for their overtime labor in contravention of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 (the "Act" or "FLSA"). Compl. ¶¶ 1-8. The government has filed motions for partial dismissal of the complaint and for a more definite statement, which motions have been fully briefed by the parties and are ready for disposition.

## BACKGROUND[1]

Plaintiffs (the "Whalen plaintiffs") aver that they are all ATCSs employed by the FAA at Edwards AFB. Compl. ¶¶ 3-4.[2] They claim that they were entitled to receive compensation for overtime work pursuant to the FLSA but that the FAA improperly treated them as being exempt from that Act. Compl. ¶¶ 7-11. They "allege that they were employed by the [FAA] at all times relevant and during the three years prior to the filing of the complaint in September, 2007 (the FLSA limitations period)," Pls.' Opp'n at 1 (citing Compl. ¶ 6), specifically averring that they were employed by FAA from April 1, 1996 to the present and alleging that the relevant documentation respecting their employment is "largely in the exclusive hands of [d]efendant." Compl. ¶ 6. They allege violations of 29 U.S.C. §§ 207 and 215, which specify the number of hours in excess of which overtime rates apply. Compl. ¶ 21. They assert that the FAA's actions in failing appropriately to compensate them were "willful." Compl. ¶¶ 22-23.

The Whalen plaintiffs claim that the FAA required them to work, uncompensated, in excess of 40 hours per week "during most weeks of their employment." Compl. ¶¶ 7-9, 19-21. The claimed overtime work consisted of "administrative, exercise, medical, inspection and other duties which [could] have been reasonably known, anticipated, ordered, and required by [the FAA] at the time of making work schedules." Compl. ¶ 9. In the Whalen plaintiffs' view, the FAA "failed to include time known by [the FAA] to be necessary to perform such duties in the scheduled workweeks of the [p]laintiffs" and failed to compensate plaintiffs for carrying out those necessary duties. *Id.*

For a remedy, the Whalen plaintiffs request that the court (1) allow their claim to proceed as a collective action under 29 U.S.C. § 216(b), providing notice to all ATCSs employed by the defendant at Edwards AFB of their right to participate in the action; (2) declare that plaintiffs were and are not exempt from the overtime provisions of 29 U.S.C. § 207; (3) award plaintiffs and all others who consent to join this action backpay, liquidated damages, and "other compensation and benefits to which they may be entitled;" (4) enjoin the government from failing to pay overtime compensation due under 29 U.S.C. § 207; and (5) award plaintiffs and others who consent to participate in the action pre-judgment interest, costs of suit, and reasonable attorneys' fees and expenses. Compl. at 5-7.

---

[1]The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are either undisputed, except where a factual controversy is explicitly noted, or are alleged and assumed to be true.

[2]Although the complaint alleges that plaintiffs "hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b)," and cites a "fear" of "retaliation" as cause for most of the plaintiffs filing anonymously, Compl. ¶¶ 2, 5, consent forms were supplied with the Complaint only for Messrs. Whalen and Morgan. Plaintiffs did not file a motion for leave to file consent forms under seal.

**ANALYSIS**

*A. Motion for Partial Dismissal*

The government moves "pursuant to Rule 12(b)" of the Rules of the United States Court of Federal Claims ("RCFC") for partial dismissal of the complaint. Def.'s Mot. at 1. Among other things, the government argues that "Whalen's complaint is duplicative of another pending suit in this Court and plaintiffs have violated RCFC 10(a) by not listing the names of plaintiffs ATC1 through ATC50." *Id.*

1. *Rule 12(b).*

The government's broadly framed motion to dismiss must be broken down into constituent elements for analysis. First, Rule 12(b)(1) relating to subject matter jurisdiction is not a viable ground for dismissal because this court has jurisdiction over FLSA claims. *See Waters v. Rumsfeld*, 320 F.3d 265 (Fed. Cir. 2003) (holding that this court has exclusive jurisdiction over FLSA claims in excess of $10,000, provided that plaintiffs have not waived the amount in excess). The court has concurrent jurisdiction with the district courts of claims less than or equal to $10,000. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Accordingly, this court has subject matter jurisdiction over the Whalen plaintiffs' claims.

Second, the government cannot invoke RCFC 12(b)(6) as a ground for dismissal because the Whalen plaintiffs have stated a claim upon which relief can be granted. "Dismissal of a complaint under RCFC 12(b)(6) is appropriate when the plaintiff can prove no set of facts that would warrant the requested relief, when drawing all well-pleaded factual inferences in favor of the complainant." *Levine v. United States*, 453 F.3d 1348, 1350 (Fed. Cir. 2006) (citing *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002)). In ruling on a motion under RCFC (12)(b)(6), the court must decide '"not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."' *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs' factual allegations need not be detailed, but they "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 n.4 (Fed. Cir. 2007).

The Whalen plaintiffs' first claim is for "back pay, liquidated damages and other relief" for the FAA's alleged contravention of the FLSA. Compl. ¶ 14. Section 216(b) of the FLSA establishes a right of action by employees to hold liable their employers "in the amount of their unpaid minimum wages, or their unpaid overtime compensation;" such an action "may be maintained against any employer (including a public agency) in any Federal or State court of

competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs' allegations fit comfortably within this template, and dismissal on grounds of failure to state a claim is not warranted.[3]

2. *Duplicating claims.*

The government invokes a theory of duplication to support its motion to dismiss. In a proper case, this ground could have merit. The court "has discretion to dismiss a complaint which simply duplicates another pending related action." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (absent a specific showing of cause or need, there is no reason for "duplicating lawsuits on the same docket"). Indeed, this court recently dismissed an action which entirely duplicated a separately filed complaint, save for class-action allegations that were improper because the case involved a statutory collective action, just as this one does. *See Belgarde v. United States*, No. 07-467L, slip op. (Fed. Cl. Jan. 8, 2008). In this instance, the government identifies the supposedly duplicating action as *Abbey v. United States*, No. 07-272C (Fed. Cl. filed May 5, 2007).

The plaintiffs in *Abbey* are ATCSs, traffic management coordinators, and staff specialists employed by the FAA, who brought an "action on behalf of themselves and other employees similarly situated for declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. [§] 216(b), 28 U.S.C. [§] 1346(a)(2) and 28 U.S.C. [§§] 1491, 2201 and 2002 and 5 U.S.C. [§] 5596." *Abbey* Compl., No. 07-272-ECH ("*Abbey* Compl."), ¶ 1. The *Abbey* complaint names one plaintiff who is a resident of New York and "additional persons" employed by the FAA at "various locations" who "have given their written consent to be party plaintiffs." *Id.* ¶ 4. The government argues that one plaintiff in *Abbey*, Mr. Whalen, is the same as a plaintiff in this case, and that the allegations in *Abbey* duplicate those in this case. Def.'s Mot. at 2.[4] Based on

---

[3]Joinder of plaintiffs is appropriate in this collective action brought under Section 216(b) of the FLSA. RCFC 20(a) provides for permissive joinder for persons asserting "any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." There is permissive joinder in this particular case because the FLSA statutorily provides for collective actions in 29 U.S.C. § 216(b). *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 173 (1989).

[4]In *Abbey*, the Complaint alleges that ATCSs have "'perform[ed] work activities, without compensation, before their official scheduled starting times for work and after their official starting times for work,'" such that "'defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA [(29 U.S.C. § 207(a))] by failing to pay plaintiffs for all hours worked.'" Def.'s Mot. at 2 (quoting *Abbey* Compl. ¶ 29). As the government notes, the *Abbey* complaint also alleges "a willful violation of the FLSA." *Id.* at 3.

these parallels, the government concludes that "Mr. Whalen should not be allowed to be a plaintiff in duplicative actions[;] therefore, he should be dismissed from this suit." *Id*. at 3.

The complaint in *Abbey*, as amended, lists 7,210 individual plaintiffs. One of those named persons is indeed Mr. Whalen (no. 6,165). *Abbey* Original Compl. at 281. However, the other named plaintiffs in this case, Messrs. Turner and Morgan, are not parties to *Abbey*. Thus, there is an incomplete overlap in named plaintiffs. In addition, the government also is correct that one set of claims in *Abbey* overlaps those in the instant case, but the plaintiffs here fall into a category that is more specific in scope than that of *Abbey* because they are all air traffic controllers at Edwards Air Force base. The complaint in *Abbey* ostensibly covers work locations throughout the nation and alleges claims on behalf of several types of federal employees – ATCSs, traffic management coordinators, and staff specialists. *Abbey* Compl. ¶¶ 3, 4, 9. Consequently, *Abbey* is sufficiently broad in scope that the Whalen plaintiffs might have joined in that suit. However, that possibility does not bar them from bringing their own specific and more focused claim. The statutory criteria for a collective action set out in 29 U.S.C. § 216(b) of the FLSA include the specification that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." The Whalen plaintiffs thus were not compelled to join the much broader *Abbey* action, and, apart from Mr. Whalen, they have not done so. This action generally does not duplicate *Abbey*, and the Whalen plaintiffs are entitled to pursue their separate claims. The government's motion to dismiss therefore is generally unavailing.

Mr. Whalen's presence in this case, however, poses a more specific problem. He should not be able to pursue two different actions on the same claim in this court. In the circumstances, the court exercises its discretion to require Mr. Whalen to make an election respecting which case he desires to pursue, either *Abbey* or the instant case, and to make that election within thirty days from the date of this order. Failing an election within that time to pursue his claims in this action, Mr. Whalen shall be dismissed as a plaintiff in this case. *See Hoffman-LaRoche*, 493 U.S. at 173 (recognizing and giving effect to "[t]he interest of [federal trial] courts in managing collective actions in an orderly fashion").

3. *28 U.S.C. § 1500.*

In a footnote in its reply brief, the government contends that one plaintiff, Mr. Morgan, has filed on a *pro se* basis a duplicating suit in the United States District Court for the District of Columbia. Def.'s Reply at 2 n.2 (referring to *Morgan v. Federal Aviation Admin.*, No. 07-cv-1748 (D.D.C. filed Sept. 28, 2007)). The government has attached the complaint in the *Morgan* case to its reply, and that complaint discloses that Mr. Morgan is claiming that the FAA willfully failed to compensate him for overtime work in contravention of the FLSA and that the FAA willfully fired him in retaliation for invoking his rights under the FLSA. Def.'s Reply, appended *Morgan* Compl. at 5-7. The government requests that the court dismiss Mr. Morgan from the

instant action on the ground that his district court suit is a duplicating action. Def.'s Reply at 2 n.2.

The *Morgan* suit in district court raises a more compelling jurisdictional issue than that which arises with a duplicating action. It appears that the *Morgan* suit was filed three days before the instant action, which was docketed on October 1, 2007. In the circumstances, it is quite possible that this court is precluded from exercising jurisdiction over Mr. Morgan's claim due to the operation of 28 U.S.C. § 1500, which provides that

> [t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500; *see Keene Corp. v. United States*, 508 U.S. 200 (1993); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) (en banc); *Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007); *d'Abrera v. United States*, 78 Fed. Cl. 51 (2007).

When applicable, Section 1500 elides the jurisdiction this court would otherwise have to hear and consider a cause of action. *See Tohono O'odham Nation*, 79 Fed. Cl. at 654. The government's late reference in its reply brief to the pendency of the *Morgan* district court action and its failure to cite Section 1500 in that regard does not affect this court's obligation to consider its subject matter jurisdiction whenever that jurisdiction is questioned. *See Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1378 (Fed. Cir. 2003) ("[U]nder federal rules any court at any stage in the proceeding may address jurisdictional issues. Thus, even if the issue is not properly raised, th[e] court *sua sponte* may consider all bases for the trial court's jurisdiction."). Accordingly, the court must address whether Mr. Morgan may continue as a party plaintiff in the instant suit.

Whether another claim is "pending" for purposes of Section 1500 is determined at the time at which the suit is filed in this court, not some later time. *See Loveladies Harbor*, 27 F.3d at 1548. Also, "[f]or the Court of Federal Claims to be precluded from hearing a claim under [Section] 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*." *Id*. at 1551 (emphasis in the original); *see also Harbuck v. United States*, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004).

A comparison of the claims set out in the *Morgan* district court suit and those in this action show an overlap. Both primarily claim that compensation is due under the FLSA for overtime incurred. *See* Compl. ¶ 9 (alleged mandatory "administrative, exercise, medical, inspection and other duties"); *Morgan* Compl. ¶ 15 (alleged "medical" activities). That a retaliation claim was included in the Morgan district court suit does not affect this overlap. Thus,

there is correspondence in the factual bases for the claims. Moreover, the relief requested also overlaps because monetary damages are sought in both cases for the alleged compensable overtime. Compl. at 6 (Prayer, ¶ D); *Morgan* Compl. ¶ 36.

In short, Section 1500 divests this court of jurisdiction over a plaintiff's claim where it is shown that the claim arises from the same operative facts as those alleged in a preexisting claim in district court and the relief requested overlaps. Those circumstances have been shown in this case with respect to Mr. Morgan's claim. Consequently, the clerk will be directed to dismiss Mr. Morgan as a plaintiff.[5]

4. *Anonymous plaintiffs.*

The government also argues that the action should be dismissed with respect to plaintiffs ATC1 through ATC50 "for failing to follow RCFC 10(a), which requires that the names of all the parties be set forth in the caption" of a complaint. Def.'s Motion at 3 (capitals removed). RCFC 10(a) instructs that "[e]very pleading shall contain a caption setting forth the name of the court [and] the title of the action" and that "[i]n the complaint the title of the action shall include the names of all the parties (see RCFC20(a))." RCFC 10(a). "The use of pseudonyms in a complaint is contrary to this requirement. Consequently, courts allow parties to proceed anonymously only where unusual circumstances justify concealing a party's identity." *Wolfchild v. United States*, 62 Fed. Cl. 521, 552 (2004) (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases)).

Determining whether and how parties may file anonymously is included within this court's "authority to manage the process of joining multiple parties [in a collective action] in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-LaRoche*, 493 U.S. at 170. "In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Anonymity may be used as a temporary managerial device, or, "[i]t may never be necessary . . . to disclose the anonymous parties' identities to nonparties to the suit." *Id.*; *see also Wolfchild*, 62 Fed. Cl. at 554.

In addressing claims by plaintiffs that they should be allowed to proceed anonymously, trial courts balance the competing interests involved by weighing the party's need for anonymity

---

[5]Because this dismissal rests on jurisdictional grounds, it is without prejudice. If Mr. Morgan should choose to dismiss his action in district court, plaintiffs would not thereafter be barred from seeking amendment of the complaint in this action seeking leave to add Mr. Morgan as a new plaintiff here.

against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing party. *See Advanced Textile*, 214 F.3d at 1068; *Wolfchild*, 62 Fed. Cl. at 552-53. Five factors guide this inquiry: '"(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; . . . (3) the anonymous party's vulnerability to such retaliation,"' "(4) whether disclosure of the party's identity would best serve the public interest, . . . [and (5)] the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Wolfchild*, 62 Fed. Cl. at 553 (in part quoting *Advanced Textile*, 214 F.3d at 1068). Respecting the severity of a threatened harm in general, courts have opined that "some embarrassment or economic harm is not enough," but rather, "[t]here must be a strong social interest in concealing the identity of the plaintiff." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1975)). "The common thread running through these cases [addressing requests by plaintiffs for anonymity] is the presence of some social stigma or the threat of physical harm to the plaintiff attaching to disclosure of their identities to the public record." *Rostker*, 89 F.R.D. at 161.

The government contends that the five factors weigh against allowing plaintiffs ATC1 through ATC50 to proceed under fictitious names. Def.'s Mot. at 4-6. It asserts that plaintiffs in this action have not alleged a specific threatened harm, nor have they shown the severity of a threatened harm. Def.'s Mot. at 4. Plaintiffs have alleged that "numerous [air traffic controllers] fear retaliation if they prosecute an action," but they do not say what might constitute that feared retaliation. Compl. ¶ 3. In the government's view, that shortcoming of the complaint distinguishes it from that in *Advanced Textile*, Def.'s Mot. at 4-5, where plaintiffs made specific allegations that they were "interrogated about, warned against, and threatened for making complaints about their working conditions by defendants," and those threats "ran the gamut from termination and blacklisting, to deportation, arrest, and imprisonment." *Advanced Textile*, 214 F.3d at 1071.

The government urges that plaintiffs' alleged fear of retaliation is unfounded because the FLSA forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits. *See* Def.'s Mot. at 4-5 (citing 29 U.S.C. § 215(a)(3) (making it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter")). The government stresses that '"[t]here is a strong presumption in the law that administrative actions are correct and taken in good faith."' *Id*. at 5 (quoting *Sanders v. United States Postal Serv*., 801 F.2d 1328, 1331 (Fed. Cir. 1986)). The government further asserts that plaintiffs are not vulnerable to retaliation because government employees may seek recourse for any retaliation through the Office of Special Counsel or the Merit Systems Protection Board. Def.'s Mot. at 5 (citing 5 U.S.C. §§ 1214(a)(1)(A), 2302(b)(9); 5 C.F.R. § 1201.3(a)).

Regarding the last two factors, the government argues that allowing the plaintiffs to proceed anonymously would work against the public interest and to the prejudice of the government because (1) without proof of a reasonable fear of retaliation, plaintiffs have not

overcome the presumption "'that parties' identities be available to the public and the likelihood of prejudice to the opposing party,'" Def.'s Mot. at 5-6 (quoting *Wolfchild*, 62 Fed. Cl. at 552-53); (2) not knowing the identities of the plaintiffs prevents the government from investigating their allegations; (3) anonymous plaintiffs may have filed duplicatively in *Abbey*; and (4) allowing plaintiffs to file under fictitious names simply on grounds that they fear retaliation would render defending FLSA lawsuits difficult for the government by hindering its ability to investigate individual claims. Def.'s Mot. at 5-6; Def.'s Reply at 4-6.[6]

Plaintiffs respond that the government's argument is premature. Pls.' Opp'n at 6. They emphasize that they "have only requested that during the early stages of the proceedings the employees remain anonymous until required by the court, until class status has been granted or until the employees have completed their consent forms and facts pertaining to the reasonableness of any potential fear can be obtained." *Id.*[7] They argue that the retaliation remedies cited by the government may be insufficient to alleviate the fears that would cause potential plaintiffs not to exercise their right to bring an FLSA action in the first place. *Id*. In their view, the court should allow them to proceed anonymously for at least a limited period of time because "(1) plaintiffs are and will continue to be vulnerable to retaliation based upon their employment with the government, (2) the government has failed to identify any specific prejudice it would suffer if th[e] plaintiffs are allowed to remain anonymous[,] and (3) the government has failed to demonstrate what public interest would be served if the plaintiffs are [not] allowed to be anonymous." *Id*. at 6-7. They argue that the government has enough information to investigate the complaint because plaintiffs are limited to those Air Traffic Controllers who worked at the High Desert TRACON from January 1996 until the filing of the complaint and who were not being properly paid. *Id*. at 7 n.1.

The parties' arguments about anonymity are somewhat sterile because the record is inadequate to balance the competing factors under the five-factor test quoted above. To bolster the record, plaintiffs must provide the court with (1) the anonymous plaintiffs' actual names (under seal), (2) their consent forms, pursuant to 29 U.S.C. § 216(b), also under seal, and (3) explicit cause for proceeding anonymously. To establish cause, the plaintiffs must present more than the current bare allegation of retaliation; they must present evidence that potential retaliation is a real possibility, such that the court can properly balance that possibility against the

[6]As noted earlier, perhaps because plaintiffs ATC1 through ATC50 have sought to file their claims anonymously, they have not filed consent forms with the Complaint as required by 29 U.S.C. § 216(b), even though they could have submitted a motion for leave to file such forms under seal.

[7]This latter recitation of plaintiffs' reasoning suggests that at least some of the anonymously designated plaintiffs are not real but that the designation is merely a placeholder for a plaintiff who might later consent to join the action. Such placeholding designations are not permitted by this court's rules or the FLSA. *See* RCFC 10(a); 29 U.S.C. § 216(b), quoted *supra* at 5.

public interest in disclosure and any prejudice to the defendant. Regarding the severity of the harm, the court notes that Mr. Morgan alleges in his *pro se* case filed in the United States District Court for the District of Columbia that he was fired in retaliation for enforcing his FLSA rights, *see* Def.'s Reply at 1-8, and such circumstances might establish feared retaliation sufficient to overcome the limitation that "some embarrassment or economic harm is not enough." *Rostker*, 89 F.R.D. at 162.

Consequently, plaintiffs are requested to provide, within thirty days of the issuance of this opinion, proper allegations of cause to maintain the anonymity of certain plaintiffs' names, along with their actual names and consent forms. The court grants plaintiffs permission to file actual names and consent forms under seal. Should the court later determine that it should not allow some plaintiffs to proceed anonymously, those parties will have the option whether to proceed under their disclosed actual names or to withdraw from the action thus remaining anonymous. If any of the plaintiffs currently designated as ATC1 through ATC50 do not provide the court with cause, their actual names, and their consent forms within thirty days, the action will be dismissed as to those particular anonymous plaintiffs.

### *B. Motion for a More Definite Statement*

Defendant has also made a motion under RCFC 12(e) for a more definite statement. RCFC 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." RCFC 12(e). "The motion shall point out the defects complained of and the details desired." *Id*. RCFC 8(a) specifies, however, that plaintiffs need only include in their pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." RCFC 8(a); *see Federal Air Marshals v. United States*, 74 Fed. Cl. 484, 488 (2006).

The chief defect that the government finds in the complaint is that plaintiffs "fail to identify the specific pay periods during which each plaintiff alleges that he or she has not been fully compensated," and accordingly that "the [g]overnment cannot reasonably be expected to respond" to plaintiffs' allegations. Def.'s Mot. at 6-7. In this vein, the government complains that although the complaint requests relief "within 'the relevant period of limitations,'" Compl. at 6, 8, it "also indicates that plaintiffs' claims might include claims accruing more than three years before they filed suit," which would be barred by the two and three-year statutes of limitations contained in the FLSA. Def.'s Mot. at 7 (citing Compl. 6-8, and 29 U.S.C. §§ 255(a), 256). The government finally contends that the Whalen plaintiffs' allegation that they performed "'administrative, exercise, medical, inspection and other duties' for which they were not compensated'" leaves the government "unable to ascertain the specific duties for which plaintiffs allege that they were not compensated." Def.'s Mot. at 7 (quoting Compl. ¶ 9) .

Plaintiffs respond that their complaint applies only to ATCSs employed or formerly employed at Edward AFB, and that the relevant records are in government's exclusive custody and control. Pls.' Opp'n at 7. They further note they have limited their complaint to ATCSs who worked at Edward AFB "from January 1996 until the filing of the complaint and who were not being properly paid." *Id.* at 7 n.1.

Generally in a Fair Labor Standards Act case, where the government typically controls the relevant records, the issue of whether to require a more definite statement is not significant. The court in *Federal Air Marshals* determined that a complaint with over a thousand plaintiffs sufficed to give the defendant notice where the complaint was confined to "the years during which defendant [allegedly] failed to comply with FLSA[,] . . . [because] defendant ha[d] control over these records itself, [and] it [could] easily access those documents during discovery and better establish the time periods in question." *Federal Air Marshals*, 74 Fed. Cl. at 488. This case involves only 53 plaintiffs who work at one location in a single job classification. The government has custody of the relevant employment documentation regarding the plaintiffs and can resolve any ambiguity regarding any particular individual's claim through discovery.

The temporary anonymity of the majority of the plaintiffs somewhat complicates the issue of whether the complaint is too indefinite, but the fact that all plaintiffs are ATCSs at one location somewhat ameliorates the government's task in developing its defense to the Whalen plaintiffs' claims. The government will be able to identify the duties performed by ATCSs' during the period and will be able to ascertain the "administrative, exercise, medical, inspection and other duties," Compl. ¶ 9, allegedly performed by this group of employees without compensation. Discovery should resolve any complications. *Compare Federal Air Marshals*, 74 Fed. Cl. at 488, *with Artuso v. United States*, 80 Fed. Cl. 336, 339 (2008) (order for more definite statement was warranted by taxpayer's failure to plead special matters required in tax refund suit). Depending upon the resolution of plaintiffs' requests that they be able to proceed at least initially on an anonymous basis, the court would be open to considering entry of a protective order allowing only counsel of record for the government to have access to the actual names of the anonymous plaintiffs.

The government's motion for a more definite statement is accordingly denied.

## CONCLUSION

The government's motion for partial dismissal of the action is GRANTED IN PART and DENIED IN PART. It is granted only insofar as Mr. Morgan shall be dismissed as a plaintiff, without prejudice. The government's motion for more definite statement is DENIED.

Within thirty days after entry of this opinion and order, *i.e.*, by April 11, 2008, Mr. Whalen should file an election either to continue as a named plaintiff in this action or in the *Abbey* action, No. 07-272C. On or before the same day, plaintiffs shall also file under seal with the court only, the actual names of those plaintiffs now identified only as ATC1 through ATC50,

and, also under seal with the court only, the consents to suit for these plaintiffs, and, in addition, a more expansive showing of cause for maintaining the anonymity of certain plaintiffs.

Defendant's answer shall be due on or before May 2, 2008.

IT IS SO ORDERED.

s/ Charles F. Lettow
Judge