IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-707C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO AMEND OPINION AND ORDER

Pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court amend its March 12, 2008. Opinion and Order to provide that the Government be served with redacted versions of any allegations and evidence plaintiffs provide with regard to their fears of retaliation and allow that the Government be allowed to respond within 14 days of service.

In its March 12, 2008, Opinion and Order, the Court requested that plaintiffs provide, by April 11, 2008, "proper allegations of cause to maintain anonymity of certain plaintiffs' names, along with their actual names and consent forms." Whalen v. United States, No. 07-707C, – Fed. Cl. –, 2008 WL 715465, *8 (March 12, 2008). The Court also gave the plaintiffs permission to "file actual names and consent forms under seal." Id. To this, the Government does not object.

However, the Court was unclear as to whether plaintiffs would be required to serve its allegations and supporting evidence upon the Government. The Court also did not provide the Government with an opportunity to respond to plaintiffs' allegations and evidence. The Government should be allowed to respond to any allegations and evidence that plaintiffs fear retaliation.

In order to remain anonymous, it is not sufficient that plaintiffs fear retaliation, those fears must be reasonable. Id. at *6 (citing Wolfchild v. United States, 62 Fed. Cl. 521, 553 (2004)). The Government should be allowed to defend against any allegations that plaintiffs reasonably fear retaliation by the Federal Aviation Administration ("FAA") and provide evidence to the Court that such fears are not, in fact, reasonable. For example, in its Opinion and Order, the Court noted that former plaintiff Greg Morgan alleges, in a pro se complaint in the United States District Court for the District of Columbia, that he was retaliated against for attempting to enforce his rights pursuant to the Fair Labor Standards Act ("FLSA"). Id. at *7. However, any fears of retaliation based upon Mr. Morgan's removal cannot be considered reasonable.

The FAA removed Mr. Morgan because: 1) he indirectly threatened to kill a co-worker; and 2) he worked beyond his shift without authorization and then claimed overtime pay for the work. App. 5-6.[1] Mr. Morgan appealed his removal to the Merit Systems Protection Board ("MSPB"). Id. at 1. On July 14, 2006, an administrative judge: 1) sustained the charges against Mr. Morgan; 2) determined that removal was a reasonable penalty for the charges; and 3) determined that "any possibility that [the employee who decided to remove Mr. Morgan] had a retaliatory motive is strongly outweighed by the compelling evidence that [Mr. Morgan]

---

[1] "App. __" refers to the appendix attached to this brief.

committed the charged misconduct."[2] Id. at 1-35. On March 22, 2007, Mr. Morgan's petition for review to the full MSPB was denied. Id. at 36-38.[3]

Rather than being fired for enforcing his FLSA rights, the MSPB's decision shows that Mr. Morgan was fired for claiming unauthorized overtime and threatening to kill another employee. App. 1-35. Such a situation is not the "well-nigh irrefragable proof" necessary to overcome the presumption of good faith that attaches to the performance Government officials' duties. Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986) (citations omitted). Therefore, any fears that plaintiffs may have of retaliation, based upon Mr. Morgan's situation, are not objectively reasonable and cannot serve as a basis for withholding plaintiffs names in violation of RCFC 10(a).

Accordingly, the Government should have the opportunity to rebut any allegations and evidence plaintiffs present to the Court regarding whether plaintiffs should be allowed to proceed without revealing their names. In order to do this, the Government would need to be provided with any such allegations and evidence, with the names of individual fictitious plaintiffs redacted. Therefore, the Government respectfully requests that the Court amend its March 12, 2008 opinion and order to: 1) allow the Government to respond to plaintiffs' allegations and evidence that they fear retaliation, within 14 days of service; and 2) require

---

[2] We note that the whistleblowing charges addressed by the MSPB did not relate to the FLSA. Id. at 24-27.

[3] Mr. Morgan has appealed this decision to the United States Court of Appeals for the Federal Circuit, however, the appeal has not been fully briefed yet due to a number of procedural delays, including Mr. Morgan's frivolous appeal of a voluntary dismissal of a related MSPB appeal. Morgan v. Dep't of Transportation, No. 2007-3201 (Fed. Cir. filed April 20, 2007). Mr. Morgan's appeal of the voluntary dismissal was summarily affirmed on January 9, 2008. Morgan v. Dep't of Transportation, No. 2008-3003, 2008 WL 268717 (Fed. Cir. Jan. 9, 2008).

plaintiffs to publicly file copies of the allegations and evidence it provides to the Court, with the names of individual fictitious plaintiffs redacted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director

/s/ William P. Rayel

WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0302
Facsimile: (202) 307-0972

Eden Brown Gaines
Michael Doherty
Julia Rhodes
Federal Aviation Administration
Office of Chief Counsel, AGC-30
600 Independence Ave., SW
Suite 1E-100
Washington, DC 20591

March 26, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 26th day of March, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO AMEND OPINION AND ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ William P. Rayel