IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, et. al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-707C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 of the complaint constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 of the complaint constitute conclusions of law to which no answer is required.

3. Admits the first sentence of paragraph three with regard to Plaintiffs David Whalen and Gregory Turner.[1] With regard to anonymous plaintiffs, ATC1 through ATC50, defendant denies the first sentence of paragraph three for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because their identities are unknown to

[1] Plaintiff Greg Morgan has been dismissed from this case pursuant to the Court's Opinion and Order dated March 12, 2008. Therefore, this Answer responds only to allegations contained in the Complaint regarding named plaintiffs David Whalen, Gregory Turner, and the anonymous, or "John Doe," plaintiffs ATC1 through ATC50.

defendant.[2] Denies the allegations in the second sentence of paragraph three for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

5. With regard to the first sentence of paragraph five, defendant admits that plaintiffs Whalen and Turner have executed a "Consent to be Claimant under the Fair Labor Standards Act ("FLSA") v. The United States and Contingency Fee Agreement" (hereinafter "Consent and Fee Agreement") with plaintiffs' Counsel, but denies that they are entitled to any relief under the FLSA. Defendant denies that plaintiffs ATC1 through ATC50 have executed a Consent and Fee Agreement with plaintiffs' counsel for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. With regard to the second sentence, defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Defendant denies the first sentence of paragraph six with regard to "Air Traffic Controllers" because the "Air Traffic Controllers" are not identified or defined in the complaint. Defendant, however, admits the allegations in the first sentence to the extent that plaintiffs Whalen and Turner have been employed by the Federal Aviation Administration ("FAA") since April 1, 1996. With regard to plaintiffs ATC1 through ATC50, defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant

---

[2] Plaintiffs did not file the names, consent forms or cause for remaining anonymous for ATC1 through ATC50, by April 11, 2008. Therefore, pursuant to the Court's March 12, 2008 Opinion and Order, we respectfully request that the Court dismiss plaintiffs ATC1 through ATC50 from this suit. Whalen v. United States, 80 Fed. Cl. 685, 693 (2008) ("If any of the plaintiffs currently designated as ATC1 through ATC50 do not provide the court with cause, their actual names, and their consent forms within thirty days, the action will be dismissed as to those particular anonymous plaintiffs.").

admits that the FAA is an operating administration within the United States Department of Transportation, which is an agency of the Executive Branch of the Federal Government.

Defendant admits the averments in the first part of the second sentence of paragraph six ("Plaintiffs further allege that the information relevant to the allegation in this paragraph [is] largely in the exclusive hands of Defendant, . . .") to the extent that the FAA maintains information regarding the employment status of its employees, but denies that such information is "largely in the exclusive hands of Defendant."

Defendant denies the second part of the second sentence of paragraph six (". . . Plaintiffs need further discovery to determine the precise employment status and assignment of Air Traffic Controllers at various time[s] since April 1, 1996") for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "Air Traffic Controllers" is not defined in the complaint. To the extent that "Air Traffic Controllers" refers to plaintiffs (both named and anonymous, as identified in paragraph four of the complaint), defendant denies the second part of the second sentence of paragraph six. Plaintiffs, themselves, should have knowledge of their "precise employment status and assignment[s] . . . at various times since April 1, 1996."

7. Denies with regard to plaintiffs. With regard to Air Traffic Controllers, denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "Air Traffic Controllers" is not defined in the complaint.

8. Denies with regard to plaintiffs. With regard to Air Traffic Controllers, denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "Air Traffic Controllers" is not defined in the complaint.

9. Denies with regard to plaintiffs. With regard to Air Traffic Controllers, denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "Air Traffic Controllers" is not defined in the complaint.

10. Denies the first part of the first sentence ("Plaintiffs and other Air Traffic Controllers are under the Defendant's direction and control from the time that they arrive on the premises until the time they leave the premises, . . ."), for lack of knowledge or information sufficient to form a belief as to the truth of the allegations as "premises" and "Air Traffic Controllers" are not defined in the complaint. Defendant, however, admits that plaintiffs are under the FAA's direction and control from the start of their assigned work shifts until the end of their assigned work shifts.

Denies the second part of the first sentence (". . . and during all such times, Plaintiffs and other Air Traffic Controllers are performing work for and are acting at the order and direction of the Defendant."), for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "premises" and "other Air Traffic Controllers" are not defined in the complaint. Defendant, however, admits that plaintiffs "are performing work for and are acting at the order and direction of the Defendant" from the start of their assigned work shifts until the end of their assigned work shifts.

Denies the second sentence of paragraph ten with regard to plaintiffs. With regard to "other Air Traffic Controllers," denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because that group is not defined in the complaint.

Denies the third sentence of paragraph ten with regard to plaintiffs. Denies the third sentence of paragraph ten with regard to "other Air Traffic Controllers" because that group is not identified or defined in the complaint.

11. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because paragraph 11 is unintelligible.

12. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "the relevant time period" and "Air Traffic Controllers" are not defined in the Complaint.

COUNT I[3]

13. Defendant incorporates by reference its answers to paragraphs 1 through 12 of the Complaint.

14. The allegations contained in paragraph 14 of the complaint constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 of the complaint constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations in paragraph 16 of the complaint constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies the allegations with regard to "all other Air Traffic Controllers" for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "all other Air Traffic Controllers" is not defined in the complaint. Denies the allegations in paragraph 17 with respect to plaintiffs ATC1 through ATC50 for lack of knowledge or

[3] All headings and subheadings herein are taken from the Complaint. Defendant uses them herein for clarity but does not admit the substance of any of Plaintiffs' headings or subheadings.

information sufficient to form a belief as to the truth of the allegations because their identities are unknown to defendant. Admits the allegations in paragraph 17 with respect to plaintiffs Whalen and Turner to the extent that are currently employees of the FAA and have been employed by the FAA since at least April 1, 1996. The remainder of the allegations in paragraph 17 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies the allegations with regard to "all other Air Traffic Controllers" for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "all other Air Traffic Controllers" is not defined in the complaint. Denies the allegations in paragraph 18 with respect to plaintiffs ATC1 through ATC50 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because their identities are unknown to defendant. Admits the allegations in paragraph 18 with respect to plaintiffs Whalen and Turner to the extent that are currently employees of the FAA and have been employed by the FAA since at least April 1, 1996. The remainder of the allegations in paragraph 18 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies the first part of paragraph 19 ("During numerous weeks during the period relevant hereto, Plaintiffs and all other Air Traffic Controllers have worked more than 40 hours during such weeks; . . .") for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "numerous weeks," "the period relevant hereto" and "all other Air Traffic Controllers" are not defined in the complaint and defendant does not know the identity of plaintiffs ATC1 through ATC50. Admits the first part of the first sentence of

paragraph 19 to the extent that on occasion, plaintiffs Whalen and Turner have worked more than forty hours during a particular workweek while employed by the FAA.

Denies the second part of paragraph 19 (". . . Defendant has allowed, suffered and/or permitted Plaintiffs and other Air Traffic Controllers to work in excess of 40 hours during such weeks; . . .") for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "other Air Traffic Controllers" is not identified or defined in the Complaint and defendant does not know the identity of plaintiffs ATC1 through ATC50. Admits the second part of paragraph 19 to the limited extent that on occasion, the FAA has "allowed, suffered and/or permitted" plaintiffs Whalen and Turner to work more than forty hours in a particular workweek while employed by the FAA.

Denies the third part of paragraph nineteen (". . . but Defendant has not paid the overtime premium required by the FLSA for such hours worked in excess of 40 hours during such weeks.").

20. Denies with regard to plaintiffs. With regard to Air Traffic Controllers, denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations because "Air Traffic Controllers" is not defined in the complaint.

21. The allegations in paragraph 21 of the complaint constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Plaintiffs' first prayer for relief, which is contained in lettered paragraphs immediately following paragraph 23 of the Complaint, consists of requests for relief to which no response is required; to the extent a response is required, the allegations in the first prayer for relief are denied.

**COUNT II**

22. Defendant incorporates by reference its answers to paragraphs 1 through 21 of the complaint.

23. The allegations in paragraph 21 of the complaint constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Plaintiffs' second prayer for relief, which is contained in lettered paragraphs immediately following paragraph 23 of the Complaint, consists of requests for relief to which no response is required; to the extent a response is required, the allegations in the first prayer for relief are denied.

**AFFIRMATIVE DEFENSES**

Defendant may rely upon the following affirmative defenses including, but not limited to:

1. All or part of plaintiffs' claims are barred by the applicable statute of limitations.

2. Defendant's conduct was in good faith. It had reasonable grounds for believing its conduct was not a violation of the Fair Labor Standards Act.

3. Plaintiffs' claims are barred by the Portal-to-Portal Act, 29 U.S.C. § 254(a).

4. Whatever other affirmative defenses may be applicable to ATC1 through ATC50 or any other plaintiffs who later join this action.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director

/s/ William P. Rayel

WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0302
Facsimile: (202) 307-0972

Attorneys for Defendant

Eden Brown Gaines
Michael Doherty
Julia Rhodes
Federal Aviation Administration
Office of Chief Counsel, AGC-30
600 Independence Ave., SW
Suite 1E-100
Washington, DC 20591

May 1, 2008