IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-707 |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# <u>JOINT PRELIMINARY STATUS REPORT</u>

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.

**(A)** <u>Does the court have jurisdiction over the action?</u>

Plaintiffs believe that this Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491(a). Defendant is currently unaware of any reason why this Court would lack subject matter jurisdiction to entertain plaintiff's complaint.

**(B)** <u>Should the case be consolidated with any other case and, if so, why?</u>

The parties are not aware of any case with which this case should be consolidated.

**(C)** <u>Should trial of liability and damages be bifurcated and, if so, why?</u>

The parties are not currently aware of any reason that trial should be bifurcated.

**(D)** <u>Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?</u>

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court or any other tribunal.

**(E)** <u>In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?</u>

No party presently anticipates seeking a remand or suspension.

**(F)** Will additional parties be joined?

Plaintiffs do not foresee joining any additional parties separate and apart from the Fair Labor Standards Act ("FLSA") opt-in procedure. Plaintiffs will also move the Court for conditional certification and notice to putative collection action members. Plaintiffs anticipate bringing this motion no later than September 12, 2008. Plaintiffs also request that, should the Court grant Plaintiffs' request for notice, the notice period remain open for 120 days after such notice is granted.

Defendant will not object to additional plaintiffs "opting-in" to the suit, so long as those plaintiffs are "similarly situated," as required by 29 U.S.C. § 216(b). Defendant will determine whether to consent to conditional certification and notice after plaintiff provides the precise contours of the collective action and notice.

**(G)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiffs may file a Rule 56 motion after having had a chance to take meaningful discovery. Plaintiffs would file this motion before February 16, 2009.

The United States anticipates filing a motion for partial summary judgment in this matter by February 16, 2009. As we identify below, the basis for that motion will likely be that plaintiffs' claim that they should be paid beginning at the time they enter Edwards Air Force Base and ending at the time they leave Edwards Air Force Base, see Compl. 3, is barred by the Portal-to-Portal Act, 29 U.S.C. § 254. The United States may also file a motion for summary judgment regarding the rest of plaintiffs claims, if there are no material facts in dispute. Such a motion would also be filed by February 16, 2009.

**(H)** What are the relevant factual and legal issues?

Plaintiffs seek to recover for unpaid overtime and other unpaid compensation from their employer, the Federal Aviation Administration. Plaintiffs contend that this unpaid compensation is compensable pursuant to the FLSA, and not barred by the Portal-to-Portal Act.

The United States asserts that plaintiffs were paid for all hours worked pursuant to the FLSA and Portal-to-Portal Act. The United States also asserts that plaintiffs are entitled to be paid from the time they signed in at their duty station until the time they signed out from their duty station. All other activities are barred by the Portal-to-Portal Act as preliminary, postliminary or travel time. 29 U.S.C. § 254.

**(I)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have not yet engaged in settlement discussions, and are agreed that they cannot at this time predict the likelihood of settlement.

**(J)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

**(K)** Are there special issues regarding electronic case management needs?

There are no special issues at this time regarding electronic case management needs.

**(L)** Is there other information of which the court should be aware at this time?

There is no other information of which the court should be aware at this time.

## Discovery

The parties respectfully propose the following discovery plan:

1. Initial disclosures will be exchanged by September 1, 2008.

2. Discovery will not be conducted in phases or limited to certain issues.

3. Each party shall disclose their expert witnesses and reports and make their expert witnesses available for depositions as follows:

(a) Plaintiff shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than April 1, 2009.

(b) Plaintiff shall make such experts available for deposition no later than April 30, 2009.

(c) Defendant shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than April 1, 2009.

(d) Defendant shall make such witnesses available for deposition no later than April 30, 2009.

4. All discovery will be completed by April 30, 2009.

Respectfully submitted,

By:
s/ Alexander R. Wheeler
ALEXANDER R. WHEELER
R. Rex Parris Law Firm
42220 10th St. West, Suite 109
Lancaster, CA 93534
Tele: (661) 949-2595
Fax: (661) 949-7524
Attorneys for Plaintiffs

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20005
Tele: (202) 616-0302
Fax: (202) 307-0972

Attorneys for Defendant

Dated: July 7, 2008

**CERTIFICATE OF FILING**

I hereby certify that on July 7, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William P. Rayel
WILLIAM P. RAYEL