IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-707 |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

[PROPOSED] PROTECTIVE ORDER

Plaintiffs in this action and defendant, the United States, have agreed upon and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of protecting Protected Information as defined below. The materials identified below shall only be disclosed and used by the parties upon the following terms and conditions:

1. "Protected Information" as used herein means any information provided to the Court or another party that is required to be kept confidential pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. A party will only make this designation as to information that the party in good faith reasonably believes to be Protected Information.

2. Protected Information shall be used by plaintiffs solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein, except that this Protective Order shall not restrict any plaintiff in regard to use of their own Protected Information.

3. Protected Information may be provided only to the Court and to individuals authorized by this Protective Order (hereinafter, "Authorized Person"). Protected information provided to the Court must ordinarily be filed electronically under

the SEALED FILINGS menu. Any information provided to the Court in paper form must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with**

**U.S. Court of Federal Claims Protective Order**

or with similar language. The inadvertent absence of such a label upon any particular copy or version of an item that has elsewhere been labeled as Protected Information shall not, in itself, however, mean that the unmarked copy or version is not protected information. If a document cannot be conveniently labeled as described above, it may be designated as Protected Information in a separate writing served upon the receiving party.

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. Information disclosed in a deposition or at trial may be designated as Protected Information by indicating on the record the portion of the testimony that contains Protected Information, or by serving a written notification upon the party that elicited or proffered the information within 30 days of the receipt of the transcript by

counsel for the designating party. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this protective order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be Protected Information. A party will only make this designation as to information that the party in good faith reasonably believes to be Protected Information.

5. If a party makes available documents for inspection prior to copying, or things for inspection, all documents and things made available shall be treated as Protected Information for purposes of the inspection only. If the inspecting party then selects any documents for copying, or things for further inspection, the producing party shall, before the copying or further inspection, label any documents or things it wishes to designate as Protected Information.

6. An Authorized Person under this protective order includes only:

(a) the Court, persons employed by the Court, and stenographers transcribing testimony or argument at deposition, hearing, or trial;

(b) the attorney of record for plaintiffs, attorneys working with that attorney on this litigation, and their legal assistants and support staff members;

(c) each plaintiff shall be an Authorized Person for purposes of their own protected information. However, no plaintiff shall have access to the protected information of any other plaintiff unless counsel for plaintiffs receives prior written consent from the plaintiff whose information is to be shared with other plaintiffs.;

(d) personnel of the Department of Justice, the Department of Transportation, the Federal Aviation Administration, or any department or agency of the Government involved with this lawsuit;

(e) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts; and

(f) any person agreed to by the parties in writing or allowed by the Court.

7. A party that files a pleading in this case may submit a proposed redacted copy of the pleading to the other party with the claimed Protected Information deleted and clearly marked "Proposed Redacted Copy" in the upper right hand corner of the first page. Within five business days after its receipt of the proposed redacted copy, or such other time as agreed to by the parties, the other party shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy B May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

8. Any party may at any time object to another party's designation of particular information as protected. Counsel for the objecting party will notify the designating party in writing of the objection and the basis for the objection. Thereafter, the parties will confer and, if within seven (7) calendar days from receipt of the party's notice of objection, the parties cannot resolve the disagreement, the designating party,

within twelve (12) calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as Protected Information and subject of the terms of this protective order.

9. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

10. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

11. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

12. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order, subject to the designation-challenge procedure articulated in Paragraph 8.

13. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order, which results in the disclosure of Protected Information to

unauthorized parties, to counsel for the opposing party. Upon discovery of any breach, plaintiffs' and/or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

________________________________________
THE HONORABLE CHARLES F. LETTOW
Judge, United States Court of Federal Claims