**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS**

Plaintiffs David Whalen and Gregory Turner, on behalf of themselves and all other similarly situated, current and former Air Traffic Control Specialists ("ATCS") of the Federal Aviation Administration (herein after "FAA" or "Defendant"), High Desert TRACON, Edwards Air Force Base ("Edwards AFB"), California, move this Court for Conditional Certification and Notice to Putative Collective Action Members.

## PRELIMINARY STATEMENT

Plaintiffs filed this collective action to recover unpaid wages and overtime wages owed to them individually, and on behalf of all current and former Edwards AFB FAA ATCS that were not compensated for all time spent working for Defendant.

The putative collective action members are similarly situated to the named Plaintiffs in that their job duties are nearly identical, as are their claims for unpaid wages. Accordingly, the named Plaintiffs seek to proceed in this FLSA action collectively with these similarly situated FAA ATCS.

Under the FSLA, individual plaintiffs must each "opt-in" in order to join a "collective action." 29 U.S.C. §216(b). Until a particular individual is notified and consents to join a collective action, the statute of limitations continues to run for that individual. 29 U.S.C. § 255. The statute of limitations under the FLSA for payment of back wages is two (2) years. Id. If the violation is considered willful the statute of limitations is three (3) years. Id. Because of the short time period, and the continued running of the statute of limitations, time is of the essence when attempting to find and notify potential plaintiffs in collective actions. Id. Every day that passes until employees "opt-in" to this lawsuit erodes their recovery for wages they are owed and rewards their employer for violations of the FSLA. Id. Accordingly, Plaintiffs seek conditional certification and authorization to send court-approved Notice to all members of the putative collective action. Plaintiffs also seek expedited discovery of the putative collective members' contact information to facilitate prompt notice.

## LEGAL ARGUMENT

### I. THE COURT SHOULD CONDITIONALLY CERTIFY THIS COLLECTIVE ACTION.

#### A. The Court of Federal Claims Uses A Two-Step Approach in Considering Conditional Certification.

Most courts, including this Court, conduct the similarly situated analysis in two steps. Briggs v. United States, 54 Fed. Cl. 205, 206 - 207 (Fed. Cl. 2002).[1] At the initial stage, the

[1] In Briggs, the Court of Federal Claims noted it was "aware of no circuit precedent that controls its application of the 'similarly situated' requirement." Briggs v. United States, 54 Fed. Cl. 205, 206 (Fed. Cl. 2002) Accordingly, the Briggs court followed and used a two-step conditional certification and notice process. Id. at 206-207.

court determines whether the potential plaintiffs are sufficiently likely to be similarly-situated to justify notice to potential class members. Hunter v. Sprint Corp., 346 F. Supp. 2d 113, 117 (D.D.C. 2004).

At the conditional certification and notice stage, a court first "determines, on an *ad hoc* case-by-case basis, whether plaintiffs are 'similarly situated.'" Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (11th Cir. 2001). In making this initial determination, "a court 'require[s] ***nothing more*** than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Id. (bracket in original, bold and italics added). Plaintiffs do not need to show that common questions predominate, only that some factual or legal nexus binds the Plaintiffs and class together. Id. at 1140. Further, Plaintiffs' claims and positions need not be identical to the potential opt-ins, they need only be similar. Grayson v. Kmart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996), cert denied, 117 S. Ct. 435 (1996). Plaintiffs need only show "a reasonable basis" for the allegation that a class of similarly situated persons may exist. Id. at 1097.

At this stage, the court "us[es] a fairly lenient standard." Mooney v. Aramco Svcs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995). Specifically, "a court conditionally certifies a class and authorizes notice to putative class members upon a '***modest factual showing*** sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Chase v. AIMCO Prop., L.P., 374 F.Supp.2d 196, 200 (D.D.C. 2005) (emphasis added). "This determination is ordinarily based mostly on the parties' pleadings and affidavits." Id.; Briggs, 54 Fed. Cl. at 206. A motion under the first stage "typically results in 'conditional certification' of a representative class." Mooney, 54 F.3d at 1214. Conditional

certification and notice to potential collective action members does not require an adjudication of the merits of Plaintiffs' claims, but rather depends solely upon the existence of "similarly situated" employees. Grayson, 79 F.3d at 1099, n.17.

At the second step, the court undergoes a stricter analysis of the "similarly situated" requirement. Thiessen, 267 F.3d at 1103. This is part of a separate proceeding after the court has granted conditional certification and putative collective action notice. Hunter, 346 F. Supp. 2d at 117. The court does not engage in this second step until notice has been issued, the size and nature of the plaintiff class has been fully determined, and discovery completed. Id.

This Court should follow Briggs, utilize the two-step conditional certification process, and grant Plaintiffs' motion for conditional certification and notice.

**B. Plaintiffs and the Putative Collective Action Members are Similarly Situated.**

In a wage-and-hour case, the "similarly situated" standard is met where the putative collective action members share similar job requirements and pay provisions. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991). The existence of "opt-ins" at this stage is further support for a Plaintiff's conditional certification motion. Id. at 1567-158. In the case of overtime violations involving admittedly non-exempt employees, potential opt-in plaintiffs need not have similar job requirements to be similarly situated. Harper v. Lovett's Buffet, Inc., 185 F.R.D. 385, 364 (M.D. Ala. 1999). Rather, employees are deemed similarly situated where management has a practice, policy or plan that violates the employees' rights under the FLSA. Id. at 364-365. Either way, in order to establish that the class is similarly situated, "[a]ll that needs to be shown by the plaintiff is that some identifiable factual or legal

nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Thiessen, 267 F.3d at 1140.

This collective action should be conditionally certified. Plaintiffs and all putative collective action members are, or were, ATCS who are, or were, employed by the FAA at High Desert TRACON, Edwards Air Force Base in California. Plaintiffs pled in their Complaint that they were not paid for all hours they were required by Defendant to work, including overtime compensation for time worked in excess of 40 hours per week.[2] Though a party moving for conditional certification need only present a "modest factual showing," Briggs, 54 Fed. Cl. at 206, Plaintiffs submit declarations, consent forms, and opt-in forms from four (4) putative collective action members in support of their allegations and this motion.

Plaintiffs' declarations in support of this motion exhibit that each of the putative collective action members are employed at Edwards AFB as ATCS in FAA's High Desert TRACON, and that they share identical job descriptions, duties and responsibilities as ATCS.[3] These declarations also demonstrate that each of the putative collective action members have identical FLSA claims for back wages owed. Specifically, each declarant putative collective action member testifies concerning FAA's policy to not pay them for time spent submitting to

---

[2] Complaint ¶¶ 7, 9, 10, 19, 20.

[3] Declaration and Consent form of David Schmidt ("Schmidt Decl.") ¶¶ 1-2, attached as Exhibit "A"; Declaration and Consent form of Dennis Hambrick ("Hambrick Decl.") ¶¶ 1-2, attached as Exh. "B"; Declaration and Consent form of Philip Delgado ("Delgado Decl.") ¶¶ 1-2, attached as Exh. "C"; Declaration and Consent form of Joel Ortiz (Ortiz Decl.) ¶¶ 1-2, attached as Exh. "D."

mandatory security policies and procedures at the entrance gate of Edwards AFB.[4] The declarants also testify about unpaid pre- and post-shift work before FAA's implementation of Cru-X, an employee time keeping computer program.[5] Further, the declarations detail the Plaintiffs' and putative collective action members' wage claims for time spent obtaining mandatory medical clearance without pay, and the FAA's plan and policy of improperly paying "time-off change hours" in lieu of overtime.[6]

The declarations also show that Plaintiffs and the putative collective action members' claims stem from the Defendant's uniform decision, policy and plan to not pay them wages for time worked.[7] Furthermore, each of the four (4) declarants submit a Consent and "opt-in" form along with their declarations, and in support of this motion.[8]

With this evidence, Plaintiffs have met their initial burden of showing that themselves and the putative collective action members are similarly situated. Plaintiffs request that this Court conditionally certify this collective action and order that notice be sent out.

---

[4] Schmidt Decl. ¶¶ 5-7, Exh. A; Hambrick Decl. ¶¶ 5-7, Exh. B; Delgado Decl. ¶¶ 5-7, Exh. C; Ortiz Decl. ¶¶ 5- 7, Exh. D.

[5] Schmidt Decl. ¶ 7, Exh. A; Hambrick Decl. ¶ 7, Exh. B; Delgado Decl. ¶ 7, Exh. C; Ortiz Decl. ¶ 7, Exh. D.

[6] Schmidt Decl. ¶ 9, Exh. A; Hambrick Decl. ¶ 9, Exh. B; Delgado Decl. ¶ 8, Exh. C; Ortiz Decl. ¶9, Exh. D.

[7] Schmidt Decl. ¶¶ 3, 4, 5, 10, Exh. A; Hambrick Decl. ¶¶ 3, 4, 5, 10, Exh. B; Delgado Decl. ¶¶ 3, 4, 9, Exh. C; Ortiz Decl. ¶¶ 3, 4, 5, 10, Exh. D.

[8] See Exhs. A through D.

## II. BECAUSE THEY ARE SIMILARLY SITUATED, NOTICE TO THE PUTATIVE COLLECTIVE ACTION MEMBERS IS APPROPRIATE.

Where the court has found that Plaintiffs are "similarly situated" at the conditional certification stage, the putative collective action members then "have the opportunity to opt in to the representative action for a certain period, during which period the plaintiffs may engage in discovery to buttress their case that putative class members are similarly situated, and to gather the evidence necessary to meet their burden of proof on the merits . . ." Chase, 374 F.Supp.2d at 200.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). District Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs so that they may choose to "opt-in" to the suit. Id. Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolutions of the dispute. Id. at 170-172.

### A. The Proposed Notice is Fair and Adequate.

As discussed above, Plaintiffs and the putative collective action members are similarly situated. Accordingly, to facilitate the Notice process and protect and preserve the rights of those who have not yet opted in, Plaintiffs attach a proposed Notice and proposed Opt-in and Consent

forms to be approved by the Court.[9] Plaintiffs' proposed Court-approved Notice to the putative opt-ins is "timely, accurate, and informative." Hoffman-LaRoche, 493 U.S. at 172. It provides notice of the pendency of the action and of the opportunity to opt-in. Plaintiffs' legal claims are accurately described. Putative collective action opt-ins are advised that the FAA disagree with and will defend against the claims, and that the putative collective action members are not required to participate. The notice provides clear instructions on how to opt-in and accurately states the prohibition against Defendant's retaliation or discrimination for participation in an FLSA action.

As detailed in their attached Proposed Order, Plaintiffs propose that the parties agree upon an administrator to facilitate notice. Thereafter, Plaintiffs request that notice, along with opt-in and consent forms, be sent to all putative collective action members via first class mail. Plaintiffs request that all potential plaintiffs be given ninety (90) days from the date of mailing of the notices to "opt-in" to the collective action.

## III. THIS COURT SHOULD ORDER EXPEDITED DISCOVERY AS TO THE PUTATIVE COLLECTIVE ACTION MEMBERS' CONTACT INFORMATION.

Plaintiffs do not have access to a list of all of Defendant's current and former High Desert TRACON ATCS employees, let alone access to these individuals' home addresses. Therefore, Plaintiffs request that the Court compel Defendant to:

(a) provide the name of each current and former employee in the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California for

---

[9] See Exhs. E - G.

the last 3 years; and

(b) provide the last known address, telephone number and date of birth for each of these individuals.

Requiring defendant to provide this information will carry out the purposes of § 216(b) and help ensure that each affected individual will be located and provided with appropriate notice so each can determine whether he/she wants to "opt-in" as a plaintiff in this collective action.

All of the information requested above is necessary to locate the similarly situated Edwards AFB FAA ATCSs. As noted above, accurate and timely notice is critical to the preservation of employees' legal rights in FLSA collective actions and will be maintained in accordance with the Court's standard protective order.

In a collective action under the FSLA, the original complaint only tolls the statute of limitations for the listed plaintiffs. See 29 U.S.C. § 256. The statute of limitations continues to run for all other potential plaintiffs until their consent to sue is signed and filed with the court. Id. The applicable statute of limitations in an FLSA action is two years from the date the wages become due, and three years if the FSLA violation is "willful." 29 U.S.C. § 255. Therefore, every day that passes reduces the potential recovery of each putative plaintiff.

## CONCLUSION

Plaintiffs' evidence in support of this motion shows that they are similarly situated to the putative collective action members. Plaintiffs have met their burden at the conditional certification stage. This case should be conditionally certified and the Court should order Defendant to produce the putative collective action members' names and contact information in order to effectuate prompt notice.

Respectfully submitted,

**R. REX PARRIS LAW FIRM**

/s/

Alexander R. Wheeler
California State Bar No. 239541
42220 10th Street West, Suite 109
Lancaster, California 93534
661-949-2595 (Tel)
661-949-7524 (Fax)
awheeler@rrexparris.com
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I certify that I attempted to confer with Defendant regarding the above and foregoing Plaintiffs' Motion to Facilitate Section 216(b) Collective Action on this the 9th day of September, 2008, as well as while the parties set their anticipated motion schedule, which this Court approved. Counsel are at this time unable to reach a complete agreement regarding the issues raised in this motion. Accordingly, the Motion is presented to the Court for a determination.

/s/
Alexander R. Wheeler

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of September, 2008, a true and correct copy of this document was served by Notice of Electronic Filing on known filing users or by certified mail, return receipt requested, on unknown filing users addressed as follows:

William P. Rayel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classifciation Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530

/s/
Alexander R. Wheeler

# EXHIBIT "A"

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**28 U.S.C. § 1746 DECLARATION OF DAVID SCHMIDT IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION**

My name is David Schmidt. I am over the age of eighteen (18) and I am competent to testify to the following from my personal knowledge and experience.

1. I am presently employed as an Air Traffic Control Specialist ("ATCS") at the Federal Aviation Administration's ("FAA") High Desert Terminal Radar Approach Control ("TRACON") located on Edwards Air Force Base in Edwards, California. I first began working there on August of ~~1998~~ 1997 and have worked there continuously to the present date. The only position I have held while employed at High Desert TRACON has been that of an ATCS.

2. I and my fellow ATCSs share the same job duties and responsibilities. My job duties consist mainly of the following: using Radar information and radio communications to direct and monitor air traffic so it flows, smoothly, efficiently and safely through the designated airspace. Give clearance to pilots for altitude and course changes within the airspace. Hand-off flights to other facilities for descent procedures that lead to landing. Provide weather updates and relay current weather information. Approximately 30-50 ATCSs have worked at High Desert TRACON over the last 3-years.

3. As a result of my employment as an ATCS with the FAA, I have personal knowledge and experience of FAA's policies and procedures for compensating its employees at Edwards Air Force Base. As far as I know, the policies and procedures for compensation were authorized and directed by Management at High Desert TRACON. From my personal experience and from discussing these issues with co-workers and other Edwards FAA employees, I am aware that all Edwards ATCSs are and were also subject to the same decisions, policies, procedures, plans and/or requirements of compensation by FAA.

4. Due to the FAA's decisions, policies, procedures, plans and/or requirements, I was not

compensated for my work time at the overtime rate.

5. Because of the FAA's decisions, policies, procedures, plans and/or requirements and the way it compensates its Edwards ATCSs, during the entire time I have worked at High Desert TRACON, I was required to work on FAA's behalf without receiving compensation for all hours worked, including proper compensation for overtime hours worked.

6. As a condition of my employment with FAA, I am required to submit to security policies and procedures conducted at the entrance gate of Edwards AFB. These security policies and procedures include inspection and search of my identification, person and vehicle.

7. I spend approximately 15-minutes before the beginning of my shift and 15-minutes after the end of my shift each day fulfilling the requirements of these security policies and procedures. While a condition of my employment, I have never received any compensation for the time I have engaged in these inspections and searches which occur before and after each of my documented starting and ending times. Additionally, on average I will spend 1 to 1.5 hours 3 times per year participating in "lock down" security exercises which consist of sitting in my car at the gate preventing anyone from leaving or entering the facility.

8. As a condition of my employment with FAA, I am required to maintain a medical clearance and submit to a continuous medical evaluation and examination. I have experienced first hand, and I am aware of others who have had to make off-cite doctor's visits and other medical appointments, and obtain and provide medical information to FAA, without receiving payment, including proper overtime compensation.

9. Another decision, policy, procedure, plan and/or requirement of compensation by FAA are the granting and use of credit hours. This means that I am often work more than 40-hours in a week and rather than being paid overtime, I am given a 1-for-1 hour time-off exchange. These time-off exchange hours are used for vacation time. According to my most recent pay stub, I have worked 17.30 hours reflecting earned credit hours since January 2008.

10. From my experience and my conversations with other ATCSs employed by FAA, I know that the other Edwards ATCSs have been subject to these same FAA compensation policies and practices, which have resulted in myself and my ACTS colleagues not receiving proper overtime compensation.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 10th day of September, 2008.

NAME

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

1. I consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about August, ~~1998~~ 1997 (month, year) to on or about present time (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the R. Rex Parris Law Firm, and/or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named Plaintiff in this lawsuit, I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) [signature]

(Date signed) 9/10/2008

# EXHIBIT "B"

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C (Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**28 U.S.C. § 1746 DECLARATION OF DENNIS HAMBRICK IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION**

My name is Dennis Hambrick. I am over the age of eighteen (18) and I am competent to testify to the following from my personal knowledge and experience.

1. I am presently employed as an Air Traffic Control Specialist ("ATCS") at the Federal Aviation Administration's ("FAA") High Desert Terminal Radar Approach Control ("TRACON") located on Edwards Air Force Base in Edwards, California. I first began working there on December 21, 1985 and have worked there continuously to the present date. The only position I have held while employed at High Desert TRACON has been that of an ATCS.

2. I and my fellow ATCSs share the same job duties and responsibilities. My job duties consist mainly of the following: using Radar information and radio communications to direct and monitor air traffic so it flows, smoothly, efficiently and safely through the designated airspace. Give clearance to pilots for altitude and course changes within the airspace. Hand-off flights to other facilities for descent procedures that lead to landing. Provide weather updates and relay current weather information. Approximately 30-50 ATCSs have worked at High Desert TRACON over the last 3-years.

3. As a result of my employment as an ATCS with the FAA, I have personal knowledge and experience of FAA's policies and procedures for compensating its employees at Edwards Air Force Base. As far as I know, the policies and procedures for compensation were authorized and directed by Management at High Desert TRACON. From my personal experience and from discussing these issues with co-workers and other Edwards FAA employees, I am aware that all Edwards ATCSs are and were also subject to the same decisions, policies, procedures, plans and/or requirements of compensation by FAA.

4. Due to the FAA's decisions, policies, procedures, plans and/or requirements, I was not

compensated for my work time at the overtime rate.

5. Because of the FAA's decisions, policies, procedures, plans and/or requirements and the way it compensates its Edwards ATCSs, during the entire time I have worked at High Desert TRACON, I was required to work on FAA's behalf without receiving compensation for all hours worked, including proper compensation for overtime hours worked.

6. As a condition of my employment with FAA, I am required to submit to security policies and procedures conducted at the entrance gate of Edwards AFB. These security policies and procedures include inspection and search of my identification, person and vehicle.

7. I spend approximately 15-minutes before the beginning of my shift and 15-minutes after the end of my shift each day fulfilling the requirements of these security policies and procedures. While a condition of my employment, I have never received any compensation for the time I have engaged in these inspections and searches which occur before and after each of my documented starting and ending times. Additionally, on average I will spend 1 to 1.5 hours 3 times per year participating in "lock down" security exercises which consist of sitting in my car at the gate preventing anyone from leaving or entering the facility.

8. As a condition of my employment with FAA, I am required to maintain a medical clearance and submit to a continuous medical evaluation and examination. I am aware of others who have had to make off-cite doctor's visits and other medical appointments, and obtain and provide medical information to FAA, without receiving payment, including proper overtime compensation.

9. Another decision, policy, procedure, plan and/or requirement of compensation by FAA are the granting and use of credit hours. This means that I am often required to work more than 40-hours in a week and rather than being paid overtime, I am given a 1-for-1 hour time-off exchange. These time-off exchange hours are used for vacation time.

10. From my experience and my conversations with other ATCSs employed by FAA, I know that the other Edwards ATCSs have been subject to these same FAA compensation policies and practices, which have resulted in myself and my ACTS colleagues not receiving proper overtime compensation.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 9TH day of September, 2008.

[signature]

NAME

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated**<br><br>**Plaintiffs,**<br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 07-707C**<br>**(Judge Lettow)** |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

1. I consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about August, 1981 (month, year) to on or about Present Time (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the R. Rex Parris Law Firm, and/or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named Plaintiff in this lawsuit, I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) [signature]

(Date signed) 9-9-2008

# EXHIBIT "C"

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**28 U.S.C. § 1746 DECLARATION OF PHILIP DELGADO IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION**

My name is ~~Philip~~ Phillip Delgado. I am over the age of eighteen (18) and I am competent to testify to the following from my personal knowledge and experience.

1. I am presently employed as an Air Traffic Control Specialist ("ATCS") at the Federal Aviation Administration's ("FAA") High Desert Terminal Radar Approach Control ("TRACON") located on Edwards Air Force Base in Edwards, California. I first began working there on ~~December 21, 1985~~ July 27, 2006 and have worked there continuously to the present date. The only position I have held while employed at High Desert TRACON has been that of an ATCS.

2. I and my fellow ATCSs share the same job duties and responsibilities. My job duties consist mainly of the following: using Radar information and radio communications to direct and monitor air traffic so it flows, smoothly, efficiently and safely through the designated airspace. Give clearance to pilots for altitude and course changes within the airspace. Hand-off flights to other facilities for descent procedures that lead to landing. Provide weather updates and relay current weather information. Approximately 30-50 ATCSs have worked at High Desert TRACON over the last 3-years.

3. As a result of my employment as an ATCS with the FAA, I have personal knowledge and experience of FAA's policies and procedures for compensating its employees at Edwards Air Force Base. As far as I know, the policies and procedures for compensation were authorized and directed by Management at High Desert TRACON. From my personal experience and from discussing these issues with co-workers and other Edwards FAA employees, I am aware that all Edwards ATCSs are and were also subject to the same decisions, policies, procedures, plans and/or requirements of compensation by FAA.

4. Due to the FAA's decisions, policies, procedures, plans and/or requirements, I was not

compensated for my work time at the overtime rate.

5. Because of the FAA's decisions, policies, procedures, plans and/or requirements and the way it compensates its Edwards ATCSs, during the entire time I have worked at High Desert TRACON, I was required to work on FAA's behalf without receiving compensation for all hours worked, including proper compensation for overtime hours worked.

6. As a condition of my employment with FAA, I am required to submit to security policies and procedures conducted at the entrance gate of Edwards AFB. These security policies and procedures include inspection and search of my identification, person and vehicle.

7. I spend approximately 15-minutes before the beginning of my shift and 15-minutes after the end of my shift each day fulfilling the requirements of these security policies and procedures. While a condition of my employment, I have never received any compensation for the time I have engaged in these inspections and searches which occur before and after each of my documented starting and ending times. Additionally, on average I will spend 1 to 1.5 hours 3 times per year participating in "lock down" security exercises which consist of sitting in my car at the gate preventing anyone from leaving or entering the facility.

8. Another decision, policy, procedure, plan and/or requirement of compensation by FAA are the granting and use of credit hours. This means that I am often required to work more than 40-hours in a week and rather than being paid overtime, I am given a 1-for-1 hour time-off exchange. These time-off exchange hours are used for vacation time. According to my most recent pay stub, I have worked 91 hours reflecting earned credit hours since January 2008.

9. From my experience and my conversations with other ATCSs employed by FAA, I know that the other Edwards ATCSs have been subject to these same FAA compensation policies and practices, which have resulted in myself and my ACTS colleagues not receiving proper overtime compensation.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 9th day of September, 2008.

Phillip Delgado

NAME

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

1. I consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about September, 2006 (month, year) to on or about Present Time (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the R. Rex Parris Law Firm, and/or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named Plaintiff in this lawsuit, I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) [signature]

(Date signed) 9/9/8

# EXHIBIT "D"

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **No. 07-707C (Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**28 U.S.C. § 1746 DECLARATION OF JOEL ORTIZ IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION**

My name is Joel Ortiz. I am over the age of eighteen (18) and I am competent to testify to the following from my personal knowledge and experience.

1. I am presently employed as an Air Traffic Control Specialist ("ATCS") at the Federal Aviation Administration's ("FAA") High Desert Terminal Radar Approach Control ("TRACON") located on Edwards Air Force Base in Edwards, California. I first began working there on December 21, 1985 and have worked there continuously to the present date. The only position I have held while employed at High Desert TRACON has been that of an ATCS.

2. I and my fellow ATCSs share the same job duties and responsibilities. My job duties consist mainly of the following: using Radar information and radio communications to direct and monitor air traffic so it flows, smoothly, efficiently and safely through the designated airspace. Give clearance to pilots for altitude and course changes within the airspace. Hand-off flights to other facilities for descent procedures that lead to landing. Provide weather updates and relay current weather information. Approximately 30-50 ATCSs have worked at High Desert TRACON over the last 3-years.

3. As a result of my employment as an ATCS with the FAA, I have personal knowledge and experience of FAA's policies and procedures for compensating its employees at Edwards Air Force Base. As far as I know, the policies and procedures for compensation were authorized and directed by Management at High Desert TRACON. From my personal experience and from discussing these issues with co-workers and other Edwards FAA employees, I am aware that all Edwards ATCSs are and were also subject to the same decisions, policies, procedures, plans and/or requirements of compensation by FAA.

4. Due to the FAA's decisions, policies, procedures, plans and/or requirements, I was not

compensated for my work time at the overtime rate.

5. Because of the FAA's decisions, policies, procedures, plans and/or requirements and the way it compensates its Edwards ATCSs, during the entire time I have worked at High Desert TRACON, I was required to work on FAA's behalf without receiving compensation for all hours worked, including proper compensation for overtime hours worked.

6. As a condition of my employment with FAA, I am required to submit to security policies and procedures conducted at the entrance gate of Edwards AFB. These security policies and procedures include inspection and search of my identification, person and vehicle.

7. I spend approximately 15-minutes before the beginning of my shift and 15-minutes after the end of my shift each day fulfilling the requirements of these security policies and procedures. While a condition of my employment, I have never received any compensation for the time I have engaged in these inspections and searches which occur before and after each of my documented starting and ending times. Additionally, on average I will spend 1 to 1.5 hours 3 times per year participating in "lock down" security exercises which consist of sitting in my car at the gate preventing anyone from leaving or entering the facility.

8. As a condition of my employment with FAA, I am required to maintain a medical clearance and submit to a continuous medical evaluation and examination. I have experienced first hand, and I am aware of others who have had to make off-cite doctor's visits and other medical appointments, and obtain and provide medical information to FAA, without receiving payment, including proper overtime compensation.

9. Another decision, policy, procedure, plan and/or requirement of compensation by FAA are the granting and use of credit hours. This means that I am often required to work more than 40-hours in a week and rather than being paid overtime, I am given a 1-for-1 hour time-off exchange. These time-off exchange hours are used for vacation time. According to my most recent pay stub, I have worked 95 hours reflecting earned credit hours since January 2008.

10. From my experience and my conversations with other ATCSs employed by FAA, I know that the other Edwards ATCSs have been subject to these same FAA compensation policies and practices, which have resulted in myself and my ACTS colleagues not receiving proper overtime compensation.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 9TH day of September, 2008.

JOEL ORTIZ

NAME

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID WHALEN, GREGORY TURNER, Individually and on Behalf of others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-707C (Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

1. I consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about 8/21/2006 (month, year) to on or about PRESENT TIME (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the R. Rex Parris Law Firm, and/or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named Plaintiff in this lawsuit, I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) [signature]

(Date signed) 9/9/08

# EXHIBIT "E"

# IMPORTANT NOTIFICATION TO POTENTIAL MEMBERS OF COLLECTIVE ACTION

**TO: ALL CURRENT AND FORMER AIR TRAFFIC CONTROL SPECIALISTS EMPLOYED AT HIGH DESERT TRACON, EDWARDS AIR FORCE BASE, CALIFORNIA, AT ANY TIME OVER THE LAST THREE (3) YEARS.**

**RE: RIGHT TO JOIN LAWSUIT TO RECOVER UNPAID WAGES**

## 1. PURPOSE OF NOTICE

The purpose of this Notification is to inform you of the existence of a collective action lawsuit in which you are potentially eligible to participate because you are "similarly situated" to the Plaintiffs that originally brought the lawsuit. This Notification is also intended to advise you how your rights under the Federal Fair Labor Standards Act ("FLSA") may be affected by this lawsuit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and you choose to do so.

## 2. DESCRIPTION OF THE LAWSUIT

On October 1, 2007, a group of Air Traffic Control Specialists at the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base ("Plaintiffs") brought a lawsuit in the United States Court of Federal Claims against the United States ("Defendant") as Case No. 07-707C before Judge Lettow. Plaintiffs claim in the lawsuit that Defendant failed to pay them for all wages owed, as required by the FLSA.

Plaintiffs' counsel in this case are:

Alexander R. Wheeler
Jason P. Fowler
R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534
Telephone: (661) 949-2595
Fax: (661) 949-7524

The provisions of the FLSA require an employer to compensate an employee for all hours spent in continuous workday activities. The overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must pay the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as “exempt” from the overtime provisions of the FLSA. The Plaintiffs in this lawsuit claim that during one or more weeks of their employment with Defendant the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California, they were not fully paid for their continuous workday activities. Plaintiffs claim they were not paid for time which they were required to perform before and after their scheduled shift. Plaintiffs are suing to recover unpaid wages for the last three (3) years. Plaintiffs are also seeking to recover liquidated damages, attorneys fees and costs associated with the litigation.

The defendant United States denies any and all liability, including Plaintiffs’ allegations that it failed to pay Plaintiffs for all hours spent in continuous workday activities pursuant to the FLSA.

**3. NO RETALIATION PERMITTED**

It is a violation of Federal law for the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California to discharge, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to join a lawsuit, or actually joining a lawsuit, you should contact Plaintiffs’ counsel immediately.

**4. COMPOSITION OF THE COLLECTIVE ACTION**

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Plaintiffs allege they are similarly situated to current and former Air Traffic Control Specialists who worked at Edwards Air Force Base in Edwards, California any time over the last three (3) years.

This Notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States Court of Federal Claims that you and the representative Plaintiffs are actually “similarly situated.”

**5. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

If you fit the definition above, that is, you are currently or were formerly employed at any of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California as an Air Traffic Control Specialist and worked for a period of time for which you

**Exhibit "E"**

were not compensated, you may have a right to participate in this lawsuit.

**6. HOW TO PARTICIPATE IN THIS LAWSUIT**

Enclosed you will find a form entitled "Opt-In Consent Form" ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is extremely important that you read, sign and return the Consent Form. An addressed and postage paid envelope is enclosed for your convenience. The Consent Form should be sent to

Alexander R. Wheeler, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534

The signed Consent Form must be postmarked 90 days after the date that the motion is granted. If your signed Consent Form is not postmarked by 90 days after the date on the front page of this letter, you will not participate in any recovery obtained against Defendant in this lawsuit. If you have questions about filling out or sending the Consent, please contact Plaintiffs' counsel listed on page one of this notice.

**7. EFFECT OF JOINING THIS LAWSUIT**

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the employees who have filed or opted in to this lawsuit.

By joining this lawsuit, you designate the representative Plaintiffs as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit.

The representative Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means if there is no recovery, there will be no attorneys fees or costs chargeable to you. If there is a recovery, Plaintiffs counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action. You may request a copy of the contingency fee agreement executed by the named Plaintiffs in this matter from Plaintiffs' counsel at the address, telephone number or facsimile number that appears on page one of this notice.

**8. NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT**

If you choose not to join this lawsuit, you will not be affected by any judgment or

settlement rendered in this case, whether favorable or unfavorable to the collective action. You will not be entitled to share any amounts recovered by the parties to the collective action. You will be free to file your own lawsuit, subject to any defenses that might be asserted. The pendency of this lawsuit will not stop the running of the statute of limitations as to any claims you might have until you opt-in to it.

**9. FURTHER INFORMATION**

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' counsel at the address, telephone number or facsimile number identified on page one of this notice.

______________________________________

THE HONORABLE CHARLES F. LETTOW
Judge, United States Court of Federal Claims

# EXHIBIT "F"

**OPT-IN CONSENT FORM**
**David Whalen, et al v. United States**

**Complete and Mail to:**

Alexander R. Wheeler, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534

Name: ________________________________

Address:________________________________ Home Phone: ______________________

________________________________ Work Phone: ______________________

________________________________ Cell Phone: ______________________

Email: ______________________

# EXHIBIT "G"

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

1. I ____________________ (name) consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about ________________ (month, year) to on or about __________________ (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the R. Rex Parris Law Firm, and/or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named Plaintiff in this lawsuit, I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning the litigation, including the method and manner of conducting this litigation, entering itno settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) ___________________________ (Date signed) __________________________

****NOTE****
**Statute of limitations concerns mandate that you return this from as soon as possible to preserve your rights.**

Exhibit "G"

# EXHIBIT "H"

**CONSENT FORM**

I, (printed name) ___________________________________, am a current / former (circle one) employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California. I believe my employer has violated the Fair Labor Standards Act regarding unpaid time and overtime pay. I wish to be included as a party in the pay claims being asserted by current and former Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California employees against Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California. I hereby give consent to my attorneys, at the Rex Parris Law Firm, and/or such other representatives as they may designate, to bring suit against the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California, on my behalf under the Fair Labor Standards Act.

________________________________ ____________________________
Signature Date

________________________________
Printed Name

________________________________
Position/Location

**Exhibit "H"**